**FORD v. COUCH et al.** (No. 2261.)

Court of Civil Appeals of Texas. El Paso.
April 25, 1929.

Rehearing Denied May 9, 1929.

Hamilton, Frank & Hamilton, of Dallas, for appellant.

L. E. Elliott and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellees.

PELPHREY, C. J. Mary Esther Moore, by her next friend, Alice Moore, filed this suit against appellant, Dr. John F. Ford, for damages alleged to have been occasioned by the negligence of appellant in performing an operation on Mary Esther Moore. Subsequent to the filing of the suit, Mary Esther Moore became the wife of E. T. Couch, and in a second amended petition she sues in her own right, joined pro forma by her husband.

The negligence of appellant is alleged to be based upon a negligent diagnosis of the physical condition of Esther Moore Couch, negligence in performing the character of operation he did, and a negligent performance of such operation upon her, in which she alleges the floor of her urethra, sphincter nerves, muscles, and tissues were scraped and lacerated to such an extent that she was thereafter unable to retain her urine.

The case was submitted to a jury on the following special issues:

"Special issue No. 1: Do you find from a preponderance of the evidence that the defendant, Dr. John F. Ford, was negligent in his diagnosis of the physical condition of Esther Moore Couch, before any operation was made?

"Special issue No. 2: If you have answered special issue No. 1 'Yes', then and in that event only you will answer the following special issue: Do you find from a preponderance of the evidence that such negligence, if any, was the proximate cause of the injuries, if any, suffered by Esther Moore Couch?

"Special issue No. 3: Do you find from a preponderance of the evidence that defendant, Dr. John F. Ford, was negligent, as that term is herein defined, in performing an operation of the character done by him on plaintiff, Esther Moore Couch?

"Special issue No. 4: If you have answered special issue No. 3 'Yes,' then and in that event only, you will answer the following question: Do you find from a preponderance of the evidence that such negligence, if any, was the proximate cause of the injuries, if any, suffered by Esther Moore Couch?

"Special issue No. 5: Do you find from a preponderance of the evidence that defendant, Dr. John F. Ford, was negligent, as that term is herein defined, in the manner in which he performed the operation on plaintiff, Esther Moore Couch, on March 27, 1926?

"Special issue No. 6: If you have answered special issue No. 5 'Yes,' then and in that event only you will answer the following question: Do you find from a preponderance of the evidence that such negligence, if any, was the proximate cause of the injuries, if any, suffered by Esther Moore Couch?

"Special issue No. 7: What sum in money, if paid now in cash, will fairly and reasonably compensate the plaintiff for the damag-

es, if any sustained by her as the result of the negligence of the defendant, if any you have found?"

In response to the issues the jury found that appellant was not negligent in his diagnosis of appellee's condition, but that he was negligent in performing the character of operation performed by him, and in the manner of its performance; that the negligence in each particular was the proximate cause of the injury complained of; and that $400 would reasonably compensate her for her injuries.

The court rendered judgment upon the verdict in favor of Esther Moore Couch, joined pro forma by her husband, for $400, and Dr. John F. Ford has appealed.

#### Opinion.

Appellant presents nineteen assignments of error, with fourteen propositions.

Appellant requested the submission of the following special issue: "Were the damages, if any, suffered by Esther Moore Couch, plaintiff herein, due to a congenital condition existing from birth?"—and to the court's refusal assigns error.

One of the questions raised by the pleadings and the evidence was whether or not appellee's inability to retain her urine was due to a cogenital condition or to negligence on the part of appellant in cutting the sphincter muscle in the performance of the operation. Appellant contended that the condition which was testified to by appellee, her mother, and the other doctors, was congenital and had existed long prior to the performance of the operation by him.

The evidence of appellant, and of Dr. Adams, Miss Reagan, and Mrs. Lee all is to the effect that appellee had admitted to them the existence of the condition prior to the performance of the operation.

The issue requested presented an affirmative defense and refusal to submit to the jury the defense constitutes reversible error. Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and cases there cited. Appellant requested the submission of a number of special charges as well as other special issues. The court refused to give any of them and error is assigned to such action in each particular case.

We have made an exhaustive study of the propositions under these assignments and have concluded that they present no error.

The proposition in which appellant claims he was entitled to an instructed verdict is not well founded, there being evidence in the record tending, at least circumstantially, to show that the condition of the sphincter muscle was caused by the negligent manner in which the operation was performed. Appellee and her mother both testified that appellee had experienced no trouble in retaining her urine prior to the operation and that immediately thereafter the trouble began.

Dr. Shannon, who operated on appellee for appendicitis, and Dr. Folsom, who operated on her to correct the condition of the sphincter muscle, both testified that, in the condition they found her, she had no control of her urine.

Dr. Folsom further testified that, while making a cystoscopic and uroscopic examination of her urethra and bladder, he found the urethra very much larger than its normal size and that holes had been cut in the sphincter muscle which, in his opinion, were sufficient to cause the loss of the use of the muscle.

There was no direct evidence that appellant, in performing the operation, had made these cuts, but the evidence of Dr. Folsom that he found them there and that they had destroyed the use of the muscle, taken together with the testimony of appellee and her mother that her inability to control her urine began immediately after the operation and had not existed before, was sufficient to raise the issue which the court correctly submitted to the jury for its determination.

Special instructions Nos. 2, 3, and 4 on the question of burden of proof were properly refused.

The court charged the jury to answer the questions submitted as they found the preponderance of the evidence to be, and we think was a sufficient charge on the burden of proof. Texas Power & Light Co. v. Bristow (Tex. Civ. App.) 213 S. W. 702; St. Louis, Southwestern R. Co. of Texas v. Preston (Tex. Com. App.) 228 S. W. 928; Moore v. Orgain (Tex. Civ. App.) 291 S. W. 583; Quanah, Acme & P. R. Co. v. Hogland (Tex. Civ. App.) 297 S. W. 761.

It is ordinarily not proper for the court to charge the jury that the burden of proof upon an issue is upon the plaintiff, or upon the defendant, in cases submitted upon special issues, for the reason that the jury are not to be informed an answer to a special issue is favorable to plaintiff or defendant. Sunlite Co., Manufacturers v. Justice (Tex. Civ. App.) 257 S. W. 579; Ira Dell Davis et al. v. Eunice Alma Morrison (Tex. Civ. App.) 14 S.W.(2d) 296, and cases cited.

Numbers 5, 6, 7, 8, and 9 should not have been given being in the nature of general charges, and therefore not proper in a special issue case. Crawford v. El Paso Sash & Door Co. (Tex. Com. App.) 288 S. W. 169; Texas, etc., Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Humble, etc., Co. v. McLean (Tex. Com. App.) 280 S. W. 557.

The requested issue as to reasonableness of appellant's fee, having no evidence in the record to support such issue, was properly refused.

We have examined the other special issues requested and find no error in the court's action relating thereto.

Because the court refused to submit appellant's affirmative defense as contained in his special issue No. 1, the judgment must be reversed, and the cause remanded, and it is so ordered.

Reversed and remanded.