### TEXAS EMPLOYERS' INS. ASS'N. v. ADCOCK.
#### No. 10689.

Court of Civil Appeals of Texas. Dallas.
March 22, 1930.

Rehearing Denied April 19, 1930.

Harry P. Lawther, Wm. M. Cramer and R. M. Perry, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

VAUGHAN, J.

Appellee, Dewey Adcock, filed this suit to set aside an award made by the Industrial Accident Board of Texas on September 18, 1928, and for the recovery of compensation of $14.43 per week for 401 weeks in a lump sum. Appellee, in his claim for compensation before the board, stated the nature of his injury as follows: "Hernia and strained, injured, lacerated left side, etc." Appellant answered by general demurrer and general denial, and a plea of accord and satisfaction of the award made by the board. Appellee replied to appellant's answer by supplemental petition, in which he excepted to its plea of accord and satisfaction. Said plea was sustained, and appellant's attorney instructed not to read same to the jury. Following are the special issues submitted in the court's charge to, and answers made thereto by, the jury:

"No. 1. Did Dewey Adcock sustain accidental personal injury on the 11th day of April, 1928? Answer, 'Yes.'

"No. 2. Was such accidental personal injury, if you any you have found, sustained in the course of plaintiff's employment with the Oldham-Sumner Lumber Co.? Answer, 'Yes.'

"No. 3. Did such injury, if any found by you, sustained on the 11th day of April, 1928, naturally result in total incapacity of the said Dewey Adcock? Answer, 'Yes.'

"If you have answered Special Issue No. 3 by 'Yes,' then answer Special Issue No. 4; If you have answered by 'No,' you need not answer special Issue No. 4.

"No. 4. Is such total incapacity, if any you have found, permanent? Answer, 'Yes.'

"If you have answered special issue No. 4 by 'Yes,' you need not answer special issue No. 5; but if you have answered by 'No,' then answer special issue No. 5.

"No. 5. What number of weeks of total incapacity, if any, was caused to plaintiff, Dewey Adcock, by his injury, if any, sustained on April 11, 1928? Answer, giving number of weeks, if any. Answer: ———.

"No. 6. Would the payment of compensation, if any, to plaintiff in weekly installments result in manifest hardship and injustice? Answer, 'Yes.'"

And following are the special issues and answers made thereto, submitted at the request of appellant:

"No. 3. Did such injury, if any, of April 11, 1928 result in hernia? Answer, 'Yes.'

"No. 4. Was such hernia, if any, accompanied with pain? Answer, 'Yes.'

"No. 5. Did said hernia, if any, appear suddenly and immediately after the injury, if any? Answer, 'No.'

"No. 6. Did said hernia, if any, exist in any degree before said accident, if any? Answer, 'No.'

"No. 7. Would it be more than ordinarily unsafe for plaintiff to submit to an operation for hernia if he has hernia? Answer, 'Yes.'

"No. 8. But for such hernia, if any, would plaintiff be disabled to work, labor or earn money? Answer, 'Yes.'

"No. 9. Did plaintiff sustain accidental injury on April 11, 1928 which permanently resulted in disability other than hernia? Answer, 'Yes.'"

■ At the request of appellant, the court instructed the jury that as to certain special issues submitted at the request of appellant that "the burden of proof is upon plaintiff to establish the affirmative thereof by a preponderance of the evidence, and if they have not so established such issues, you will answer same in the negative."

The giving of this charge is not before us so as to require an affirmative ruling thereon, but in view of another trial we feel called upon to say that such a charge should not be given when a cause is submitted upon special issues, same being, when properly objected to, reversible error. I. M. Radford Groc. Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Ford v. Couch et al. (Tex. Civ. App.) 16 S.W. (2d) 869.

Upon said findings of fact by the jury, the trial court rendered judgment in favor of appellee against appellant for the sum of $4,443.95, interest and costs of suit. Appellant duly perfected its appeal from said judgment, and by appropriate assignments and propositions presents same to this court for review and revision.

The findings made by the jury in answer to the special issues submitted being based upon evidence sufficient to prevent this court from disturbing same, on the ground that the facts found were without evidence in support thereof, or so contrary to the overwhelming weight of the evidence that it would be unconscionable to permit such findings to stand; therefore, said findings are adopted as the findings of fact by this court.

■ Appellant, by its first proposition, viz., "It is error for the district court to strike out a defense set out in defendant's pleadings which, if true, would bar a recovery by plaintiff," challenges the correctness of the court's action in sustaining appellee's exception to and striking from the record paragraph 3 of appellant's first amended original answer, same presenting a plea of accord and satisfaction based on the following alleged facts, viz.: That on the 18th day of September, 1928, the Industrial Accident Board of the state of Texas awarded to appellee compensation for 22 weeks at the rate of $14.43 per week, and found that all of said com-

pensation had become due and payable in the total sum of $317.46, less credit of total sum of all previous payments of compensation, if any; and further ordered that "when this award has been paid and satisfied in accordance with its terms and provisions, the said Texas Employers Insurance Association will stand fully and finally acquitted and discharged from all liability on account of this claim for compensation and it is so ordered, adjudged and decreed by said Board"; and further, that prior to said 18th day of September, 1928, appellant had paid to appellee compensation for a period of 14 weeks at $14.43 per week, and that "on the 25th day of September, 1928 in compliance with the terms of said award it delivered to claimant and his attorneys its vouchers in the following sums, to wit: One voucher for the sum of $98.13, payable to plaintiff, and one voucher for the sum of $17.31 payable to White & Yarborough, his attorneys. That said vouchers were never returned to the defendant, and were therefore accepted by the plaintiff and his attorneys." Appellee excepted to said plea on the ground "that same sets out the award of the Industrial Accident Board, and advises the jury of the contents of the Board's award, whereas this is an appeal from said award and is a trial de novo' and it is improper to put same before the jury, either by pleading or testimony."

The order entered by the board, declaratory of the effect payment of its award would have, did not apply to prior payments, but only to payments thereafter in fact made, for until appellee accepted the award he had the right to refuse to abide by same, appeal therefrom, and have his right to compensation determined by a trial de novo in the district court (the court having jurisdiction of the amount of his claim for compensation), as if said award had never been made, in so far as same having any effect upon his right to recover on account of and for the injury upon which his claim for compensation was made to and passed upon by said board. We therefore hold that the court did not err in sustaining said special exception, as if a general demurrer to which said plea was subject, same not presenting any character of defense to appellee's cause of action.

■ By appropriate propositions, the effect of appellant's second assignment of error, namely, "the court erred in overruling defendant's objection to the introduction of the notice, of the injury over the objection that same showed on its face to have been made more than 30 days after the alleged injury," the effect of its third assignment of error, namely, "the court erred in overruling the objection of defendant to the introduction of an alleged claim for compensation, because said claim shows to have been made out before the alleged accident and injury herein, and there is no pleading to reform the same,'" and the ef-

fect of its thirty-fifth assignment of error, namely, "the court erred in overruling defendant's objection and admitting in evidence the rubber stamp file mark of the Industrial Accident Board on the claim for compensation," is clearly presented by and arises from the one instrument, viz., appellee's claim for compensation, and centered around the one question, viz., the admission of same in evidence; therefore, we will discuss the propositions advanced under said assignments of error as presenting but one question, viz., the admissibility of such claim in evidence, for, if admissible in evidence, all propositions advanced under said three assignments must fail of accomplishing any beneficial result for appellant.

The statement of facts conclusively establishes that an award was made on the claim of appellee by the Industrial Accident Board in cause No. H–16406, Dewey Adcock, employee v. Oldham-Sumner Lumber Company, employer, Texas Employers Insurance Association, insurer, by which appellee was awarded the total sum of $317.46, as compensation for the injury sustained by him, said award containing the following affirmative declaration without contradiction in the record as to the facts therein asserted, namely, "On this 18th day of September, A. D. 1928, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by Dewey Adcock against the Texas Employers Insurance Association, which has not been settled by agreement between the parties and the Board now finds and orders as follows: * * *"

Article 8307, § 4a, R. C. S. 1925, in part reads: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof; and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; * * * for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

The Industrial Accident Board is clothed with the discharge of certain judicial functions, the chief of which is to hear and pass upon claims for compensation by injured employees, which includes the determination of every jurisdictional fact upon which the right for a claim to be so heard and determined is made to depend under provisions of the Workmen's Compensation Act; therefore, in the absence of any positive statement to the contrary contained in the record of proceedings had before said board, the above recital

of said board purports absolute verity, as much so as a pronouncement made by a judicial tribunal disposing of any cause over which it had jurisdiction. Again, if the above pronouncement of the law could be in any respect questioned, the board having heard and determined appellee's claim for compensation, it will be conclusively presumed that it found appellee's case to be meritorious, and therefore waived strict compliance on his part with the provisions of said section 4a, as to giving the notice and the filing of claim, as required by its provisions. This, because of the presumption that the board would not have heard and made an award on appellee's claim until the law had been complied with on the part of appellee by giving the notice and filing his claim within the prescribed time, or that the board had determined that his was a meritorious case and waived a strict compliance with the limitations as to notice and the filing of claim before the board, as provided for by said section 4a. In other words, that said board would not have proceeded to do a foolish thing in that it assumed jurisdiction to hear and determine appellee's claim for compensation when said board did not have the jurisdiction under the law so to do, being presumed that said board in discharging its jurisdictional functions complied with the requirements of the law governing its proceedings. Therefore, said propositions are overruled.

■ By its fourth assignment of error, appellant presents for review the action of the trial court in refusing to permit it to introduce in evidence a certified copy of the report of G. A. Ridler, M. D., who examined appellee at his request, and delivered the original report of such examination to appellee, which appellee filed with said board, an attorney for appellee having requested the court to permit appellant to read same, when offered by it.

If Dr. Ridler had been before the court testifying as a witness, no objection could have been successfully urged to him testifying as to the results of his examination as contained in said certified copy, the only objection available being that the certified copy was not the best evidence of the facts therein stated and therefore not admissible to prove same. This objection was a matter that appellee had the right to and did waive, therefore the court erred in refusing to receive said copy in evidence.

■ By its fifth and sixth assignments of error, appellant presents for review the following proceedings: Appellee, while under cross-examination by Mr. Cramer, of counsel for appellant, was asked the following question: "Would you be willing to submit to an examination before Dr. Sammells tonight, between the time court adjourns this evening and tomorrow morning, if we can arrange that"; whereupon the court stated, "He need not answer the question. The statute provides how these examinations take place," to which Mr. Cramer replied, "The defendant excepts to the ruling of the court for the reason that this man can submit or not, if he sees fit, of his own free will and we asked him whether he objects to such an examination"; whereupon the court stated, "You had your record before the trial started." Mr. Yarborough, counsel for appellee, intervened as follows, "We are willing to let him answer," to which the court replied, "I am not"; whereupon Mr. Cramer addressed the court as follows: "The defendant excepts. In addition we want to include in the bill the statement just made," to which the court replied, "Yes, gentlemen of the jury, I will give you another bill, this party has been examined two or three times in this case and they started in and wanted an examination made and I would not permit it and you can have a bill of exceptions to that;" whereupon Mr. Cramer stated, "We want a full bill," to which the court replied as follows, "Yes, I don't care if you have him examined fifteen minutes. You can have a bill of exception to that"; to all of which appellant excepted because the question was a proper one, the answer to same being admissible, and because appellee could submit or refuse to submit to an examination, and appellant was entitled to prove before the jury whether or not appellee objected to the examination, and further to the comment and action of the court because same were upon the weight of the evidence and could only prejudice the jury against appellant.

We do not think an analytical discussion necessary to demonstrate that the effect of the remarks of the trial judge (not necessary to dispose of the questions before him) were prejudicial to the rights of appellant before the jury, and a comment upon the weight of the evidence that had been introduced and might be introduced thereafter in reference to the examination of appellee by physicians, because the plain exact statement from the record is so self-evident that there is no reason for a discussion to show its application to and harmful bearing upon the rights of appellant on the matters in controversy, to be determined by the jury as issues of fact.

As to the introduction of the evidence, it is well to state that it is only the prerogative of a trial judge to pass upon the admissibility of proffered testimony, and that without comment in his rulings on the effect or weight thereof, to the same extent that a trial judge is forbidden in instructing a jury, except that in proper cases the purpose for which certain evidence shall alone be considered, not only may be, but is required to be, stated when requested by either of the parties to the litiga-

tion. We therefore hold that the remarks made by the court anent the question propounded were a comment upon the weight of evidence and prejudicial to appellant, therefore reversible error.

By its seventh assignment of error, appellant contends that there is no basis for a judgment for plaintiff herein because after special issue No. 7 had been requested by plaintiff and submitted by the court in its main charge, said special issue No. 7 was withdrawn from the consideration of the jury, after they had retired and considered their verdict, such withdrawal being over the objection of defendant and at a time when the jury was engaged in considering said issue and had requested further instruction of the court with reference thereto. Said issue is as follows: "What was the weekly wage earned by Dewey Adcock during the time immediately preceeding his injury, if any, on the 11th day of April, A. D. 1928?"

After the jury had retired to consider the case, the following communication signed by the foreman of the jury was addressed to and received by the trial judge, viz.: "The jury in trying to determine our answer to special issue No. 7 do not know whether to base our estimate on the checks submitted in the case or upon the evidence from the stand. Cancelled checks $14.43–60%. of salary or $24.05 weekly. Testimony of plaintiff was $25.00 weekly," to which the trial judge replied in writing as follows: "Special Issue No. 7 is withdrawn from your consideration. Do not answer."

Under the holding in the case of Texas & P. Ry. Co. v. Bryan (Tex. Civ. App.) 15 S.W. (2d). 1098, the court erred in withdrawing over the objection of appellant said special issue from the jury, notwithstanding the following qualifications indorsed on the bill of exception thereto, viz., "after submitting issue I decided no controversy and withdrew."

Appellant's ninth assignment of error, based on its bill of exception No. 15, complains of a communication had by the trial judge with the jury after retiring to consider their verdict, under the following circumstances: The officer in charge of the jury received from the foreman thereof and delivered to the trial judge a note submitting a question in reference to special issue No. 7 of the court's charge, to which the judge replied in writing as follows: "Special Issue No. 7 is withdrawn from your consideration. Do not answer," the conduct of the trial judge in reference to this occurrence being fully disclosed by his explanation indorsed on the bill of exception, viz.: "Court delivered his instruction in writing withdrawing Special Issue No. 7 from the jury's consideration; that said instruction was given to the jury in the jury room, but that the jury room is a part

of the court room, opens into the court room and the door was open at the time the court was in session, and no other case or proceeding was on trial but only this case that the attorneys for both parties were present in court room near jury room when the instruction was given, and the court made no communication to the jury other than that contained in his written instruction except 'gentlemen take this'; that no testimony was heard upon this matter upon the hearing of defendant's motion for new trial."

Notwithstanding, the record of this proceeding does not in the least reflect upon the high character of the trial judge, nor indicate that any injury resulted therefrom to the appellant, yet under the holding in the cases of Texas Midland Rd. Co. v. J. W. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; Parker v. Bailey et al. (Tex. Com. App.) 15 S.W.(2d) 1033, we are compelled to sustain said assignment and proposition based thereon, and hold that same constitute reversible error. For a full discussion of the reason upon which this holding is based, see the above-cited cases.

It is contended by propositions Nos. 1, 2, and 3, under appellant's tenth assignment of error, that appellee having failed to properly prove the award of the Industrial Accident Board of Texas, made on appellee's claim for compensation, the trial court was without jurisdiction to enter any judgment except one of dismissal for want of jurisdiction.

Appellee, in his original petition, alleged that "on the 18th day of September, 1928, after hearing and considering the pleadings of plaintiff and defendant, as well as the evidence adduced thereunder, said Industrial Accident Board of Texas rendered its final judgment upon the same * * * that thereafter on, to wit, the 24th day of September, 1928 being within less than 20 days from the rendition of said final judgment of said Board * * * plaintiff gave oral, written and personal notice to (here follows the names of the parties required to be notified); that plaintiff was not willing and did not consent to abide by said final ruling and decision by said Board."

Appellant, in the third paragraph of its first amended original answer, alleged and set out in hæc verba the award made by said Industrial Accident Board on the 18th day of September, 1928, in cause No. 16406, styled Dewey Adcock, et al. v. Oldham & Sumner Lbr. Co., employer, and Texas Employers Insurance Association, insurer, being the number and style of appellee's claim for compensation as entered on the record of said board. In this way we think the award was sufficiently before the trial judge as evidence upon the question of jurisdiction resting upon an award having been made by said

board, the evidence establishing said jurisdictional fact not being a matter for the jury, but only for the court's consideration. However, there is another phase of this question before us, upon the determination of which no other conclusion can be drawn than that proof of said award was duly made. On hearing had before the court, as shown by bill of exception No. 21, in reference to whether or not a certified copy of said award had been offered in evidence, it was shown that the stenographic notes of the court reporter contained the following: "Plaintiff next offers the award to the court and not to the jury." This we think sufficient to show that the certified copy of said award was before the court for the purpose of establishing as a jurisdictional fact that the award alleged to have been made on appellee's claim for compensation had been made by said board. Therefore, said objection is overruled.

As to the respective affidavits of the attorneys for appellant and appellees, attached to said bill of exception, as to whether or not the certified copy of said award was offered in evidence, same not having been acted upon by the trial court, are not in any respect before this court to be considered, its authority being limited to reviewing proceedings had in and determined by a trial court.

The court did not err in overruling appellant's motion to require appellee to submit to another physical examination. This because, by the court's explanation attached to appellant's bill of exception to the order refusing said motion, it is shown that same was denied for the reason that "they have had sufficient time prior to the announcement of ready for trial to have had this party examined again if they had requested it," the making of said order not appearing to be an abuse of the court's discretion. However, if said motion had been seasonably made, the alleged grounds therefor being "that the claimed or alleged condition of plaintiff is now claimed to be different from when the last examination was had, the claimant having then been examined for hernia and for an alleged urethal discharge while/so defendant is informed, he now claims a separation of muscles and/or in injury to the hip joints," appellant would have been entitled to have had appellee examined for and on account of such additional injuries so alleged, as a basis for compensation. Article 8307, § 4, R. C. S. 1925.

The court admitted in evidence, over the objection of appellant, a duly certified copy of the report to the board by appellant of its first payment of compensation to appellee, and the file mark of the board indorsed thereon, viz., "Industrial Accident Board, received May 10, 1929, State of Texas," appellant's objection being that under the law said report was not admissible in evidence and that said file mark not being required by law was inadmissible. Conceding that said file mark was inadmissible, the admission of same was harmless error, there being no controversy in reference to whether or not said instrument had been received and filed by the board on any particular date, or that same was made out and forwarded by appellant to said board. Furthermore, as to the contents of said report, appellant's objection was not well taken, because the statements therein were not contradicted by appellant, and same was not a report of an accident required to be made by a subscriber under article 8309, § 5, R. C. S. 1925, referred to by appellant as authority in support of the proposition under discussion. However, under Art. 3720, R. C. S. 1925, said report was a duly filed paper with the board as a part of the record of appellee's claim for compensation and admissible in evidence to show that appellant had notice of appellee's injury within 30 days from the date same was sustained, as required by Art. 8307, § 4a, R. C. S. 1925, it appearing from said report that appellant within less than 30 days made its first payment of compensation to appellee on account of his injury. If appellant desired to limit the purpose for which said report should be considered as evidence, a timely request for such limitation should have been made. This it did not do. Reese v. Carey Bros. (Tex. Civ. App.) 286 S. W. 307.

Appellant, by the following proposition, viz., "The Industrial Accident Board has exclusive jurisdiction of all claims for compensation and the district court had only appellate jurisdiction and therefore on trial de novo claimant was limited to the particular claim presented to the Board, based on its fourteenth, fifteenth and sixteenth assignments of error," contends that said proposition should be sustained because the only injury submitted to the Industrial Accident Board was "hernia and strained, injured and lacerated left side," etc.., and that the claim thus described does not and could not mean a separate and distinct injury to the back or sacroiliac joint, evidence of which was admitted over the objection of appellant, and therefore the district court, being a court of limited jurisdiction, had no jurisdiction over any such injury, as its jurisdiction extended only to matters and issues that had been submitted to the Industrial Accident Board. Appellee, in his claim for compensation, presented to and passed upon by the board, described his injury as follows: "The nature of my injury is as follows, 'hernia, and strained, lacerated left side,'" etc. In his petition, appellee in part described his injury, as follows: "That plaintiff's left side was mashed, strained and bruised, together with all of

the tendons, leaders, ligaments, muscles and muscle attachments, nerves and blood vessels therein and leading thereto and therefrom; that the abdominal wall of plaintiff's left side was torn and punctured, allowing plaintiff's intestines to come through and to press against the outer covering of his body; that plaintiff's entire body was strained and bruised and the muscles and bones in plaintiff's back, more particularly in the lumbar region, were pulled loose and torn loose and strained and bruised and his vertebræ thrown out of alignment and fractured."

Article 8307, § 4, R. C. S. 1925, in part provides: "The board may make rules not inconsistent with this law for carrying out and enforcing its ·provisions * * * process and proceedure shall be as summary as may be under this law." The board adopted the form to be used by an employee in making claim for compensation, which only requires the applicant to state "the nature of his injury," the language of the form promulgated by said board, copy of which was used by appellee, contains the following: "The nature of my injury is as follows:" (With two and one-half lines provided for applicant to state the nature of his injury.) The nature of an injury by no means includes a statement in detail of all the effects resulting from the injury, as the word "nature" only embraces the character or general existence of an injury and not a minute detailed listing of the different parts impaired and the specific effect produced upon each by the injury sustained. That such a construction should not be placed upon the Workmen's Compensation Law is clearly manifest from the following legislative declaration, "that this law is designed to properly care for those injured in the industries of this State." Acts 1927, 40th Legislature, p. 84, § 2, and by the quoted part of article 8307, § 4, supra, and to effectuate this purpose the language of said statute should be given its common everyday accepted meaning, and no. technical interpretation thereof indulged. Fidelity Union Casualty Co. v. J. D. Munday (Tex. Civ. App.) 26 S.W. (2d) 676, decided March 1, 1930; Fidelity Union Casualty Co. et al. v. J. L. Riley (Tex. Civ. App.) 26 S.W.(2d) 682, decided March 22, 1930.

That appellee, in his claim for compensation presented to the board, stated the nature of his injury to be "hernia and strained, lacerated left side, etc." was by no means a bar to his claim for compensation for all of the effects resulting from his injury. Under the above common-sense rule of construction, the injuries claimed before the district court to have been received by appellee were in effect the same as the injuries upon which his claim for compensation was made to the Industrial Accident Board. In his petition, appellee stated the effects produced by the injury received by him, while in his claim for compensation before the board he stated in general terms the nature of the injury received by him. Appellee, in filing his suit in the district court, was not limited to the statement of the nature of his injury, as presented to the board, but had the right in said suit to enlarge thereupon by alleging specifically and minutely and in detail all of the effects produced by the injury received. In this way he was only seeking to recover to the full extent of the injury in fact received by him, and in this was within his rights under the law, it not being incumbent upon him in his claim for compensation before the board to specifically designate each part of his anatomy impaired and the extent thereof. Ætna Life Ins. Co. v. Bulgier (Tex. Civ. App.) 19 S.W.(2d) 821; Standard Acc. Ins. Co. v. Williams (Tex. Com. App.) 14 S.W. (2d) 1015; Lumbermen's Recip. Ass'n v. Anders (Tex. Civ. App.) 292 S. W. 265; Ætna Life Ins. Co. v. Culvahouse (Tex. Civ. App.) 10 S.W.(2d) 803, 804. Said proposition is overruled.

■ Appellant, by its propositions Nos. 1 and 2, based on its seventeenth and eighteenth assignments of error, asserted that the court erred in submitting a general charge in connection with special issue No. 6, the charge objected to being as follows: "The law provides that compensation shall be paid in weekly installments based upon the average weekly wage of the employee. If you find compensation due the plaintiff, the law further provides that in special cases where a manifest hardship and injustice would otherwise result the court may decree that the defendant may redeem its liability by paying in a lump sum, and it will be your duty in answering said issue No. 6, to take into consideration all of the facts and circumstances in evidence before you." It cannot be said that by this charge any legal term used in said special issue was defined, but only such an instruction that a court would be authorized to give in submitting a case on the general issue. Radford Groc. Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Ford v. Couch et al. (Tex. Civ. App.) 16 S.W.(2d) 869; Western Union Teleg. Co. v. Rutledge (Tex. Civ. App.) 15 S.W.(2d) 210. This proposition is sustained.

We 'have carefully examined each of appellant's propositions based on its assignments of error Nos. 19 to 34, inclusive, and, finding no reversible error in the proceedings presented for review thereby, said propositions are overruled.

Because of the errors above pointed out, judgment of the trial court is reversed, and the cause remanded for further proceedings.

Reversed and remanded.