## HOOVER v. SMALLWOOD.

### No. 2610.

Court of Civil Appeals of Texas. El Paso.

Jan. 7, 1932.

Ward & Ward, of Houston, Willis, Studer & Studer, of Pampa, and Dan B. Hoover, of Canadian, for appellant.

Allen & Helm, of Houston, for appellee.

PELPHREY, C. J.

This suit was instituted by appellee, a resident of the city of New York, state of New York, in the Eightieth district court of Harris county, Tex. His allegations, in substance, were: That on or about June 2, 1927, he purchased from M. C. Parker, of Harris county, a tract of land in said county, being a part of the J. T. Harrell Survey, for a cash consideration; that, at his request, Parker executed the deed to appellant, Ed Hoover, Jr.; that appellant paid no part of the consideration, and agreed to hold the property purely as a naked trustee for the benefit of appellee; that the recital in the recorded deed to the effect that the consideration was paid by appellant is not true; that appellant, at the time of the conveyance, agreed to make a deed to the land to appellee, or his order, at such time as he might direct; that on or about the 15th day of May, 1928, appellee requested a conveyance of the land, and appellant refused, and is asserting and claiming to be the legal owner of the land in violation of his trust and agreement; that such wrongful refusal has and is damaging appellee in the sum of $100 per month, in that he is unable to have the use and possession of the property; that on said May 15, 1928, he was the true and lawful owner in fee simple of the land, and entitled to the possession thereof; and that on or about said date appellant, with force and arms, unlawfully and illegally

entered upon the possession thereof and dispossessed him, to his damage, in the sum of $100 per month from that date.

He prayed that appellant be adjudged a naked trustee; that the lawful legal title be adjudged in appellee, as well as the right to possession; that the clouds cast upon his title by appellant's claim be removed and canceled; and that he have judgment for damages.

Appellant answered by general demurrer and plea of not guilty.

The following special issues were submitted to the jury:

"Special Issue No. 1: Do you find from a preponderance of the evidence that at or before the time the deed was made conveying the land in question from Parker to Ed Hoover, Jr., plaintiff Smallwood and Ed Hoover, Jr. agreed that a deed to such land should be made to Hoover and Hoover should hold said land for the purpose of selling it and dividing the profits between them?

"Answer 'they did' or 'they did not' as you find the facts to be.

"If you answer Special Issue No. 1 'They did,' then you need not answer any further issues.

"Special Issue No. 2: Do you find from a preponderance of the evidence at or before the time the deed was made conveying the land in this suit from M. C. Parker to Ed Hoover, Jr., defendant, that there was a verbal agreement between the plaintiff, E. L. Smallwood and the defendant, Ed Hoover, Jr. that the title and possession of said property should be vested in said defendant, Ed Hoover, Jr., as a gift to him from the plaintiff, E. L. Smallwood?

"Answer 'there was' or 'there was not,' as you find the facts to be.

"You are instructed that a gift is the act by which the owner of a thing voluntarily transfers the title and possession of the same to another without consideration."

"Special Issue No. 3: Do you find from a preponderance of the evidence at or before the time the deed was made conveying the land in this suit from M. C. Parker to Ed Hoover, Jr., defendant, that there was a verbal agreement between the plaintiff, E. L. Smallwood, and the defendant, Ed Hoover, Jr., that the title and possession of said property should be vested in said defendant, Ed Hoover, Jr., as compensation for past obligations, if any, that existed on part of said plaintiff, E. L. Smallwood, in favor of said defendant, Ed Hoover, Jr.?

"Answer 'there was' or 'there was not,' as you find the facts to be."

The jury's answer to the first issue was, "They did," and the remaining issues were not answered.

Upon the verdict, the court rendered judgment that appellee recover of and from appellant the land in question, and his costs.

Hoover has appealed.

### Opinion.

Appellant has copied his motion for new trial in his brief, and has adopted the grounds there set forth as his assignments of error. Appellant at the conclusion of the testimony requested the trial court to instruct the jury to return a verdict in his favor, and further objected to the submission of special issue No. 1 to the jury.

The reasons assigned were: (1) That appellee had not introduced sufficient and satisfactory evidence upon which the jury would be authorized to find that a trust existed in favor of appellee in the land; and (2) that there was neither pleading nor evidence justifying the submission of special issue No. 1.

Appellant here contends that appellee, having pleaded an agreement that the land should be all his and should be reconveyed to him upon demand, and that he was entitled to a judgment for title and possession thereof because of appellant's refusal to reconvey, was not supported by evidence that appellee agreed that the title to the land should be taken in appellant's name, sold by him, and the profits divided, and that the verdict, judgment, and pleadings were wholly at variance.

The question of whether the evidence introduced and the finding of the jury as to the agreement between the parties was a material variance from the agreement alleged by appellee in his petition is one which admits of considerable doubt. The allegations would show an express trust, while the agreement proved would show at most only a resulting trust. The rights of appellee would, however, be the same in either case, and therefore such a variance might be properly said to be not material.

In view of the fact that we have decided that the case must be reversed on other grounds, we feel that it is unnecessary to decide that question.

Appellant requested the court to submit to the jury the following issues:

"At the time the deed was made conveying the land in this suit from M. C. Parker to Ed Hoover, Jr., did the plaintiff, E. L. Smallwood, intend that the title and possession of said property should be vested in the defendant, Ed Hoover, Jr., as a gift to him from plaintiff, E. L. Smallwood?"

"At the time the deed was made conveying the land in this suit from M. C. Parker to Ed Hoover, Jr., defendant, did the plaintiff, E. L. Smallwood, intend that the complete title and possession of said land should be vested in Ed Hoover, Jr., as his property, as com-

pensation for past obligations, if any, that existed on the part of said plaintiff, E. L. Smallwood, in favor of defendant, Ed Hoover, Jr.?"

The court's refusal to give these requested charges is made the basis of appellant's twenty-first and twenty-second assignments of error and his tenth and eleventh propositions.

Appellee, by his sixth counter proposition, asserts that the court's refusal presented no error because the facts elicited were affirmatively presented in other issues submitted.

He argues that issues Nos. 2 and 3, above quoted, submitted the issues requested by appellant; that the testimony established, as a matter of law, the superior equitable title in appellee, and that there was no necessity for the submission of any issues to the jury, and that the evidence is wholly insufficient to show that the property was conveyed to appellant as a gift or in consideration for past obligations.

It will be seen that issues Nos. 2 and 3, as submitted by the court, were submitted contingently on the answer of the jury to special issue No. 1.

While there may be some doubt as to whether the evidence is sufficient to raise the issue as to whether appellee intended to convey the land in consideration of past obligations, we are of the opinion that it is abundantly sufficient to justify the submission of an issue on the question of a gift.

[ Any gift from one person to another is usually actuated by some relationship or feeling of kindness by the donor to the donee, and the evidence here as to appellee's statements of how much he was indebted to appellant for things which had gone before, while they may not be sufficient to show that he intended to give appellant the land in consideration of such obligations, would certainly tend to show a motive for the making of a gift thereof to him.

It will also be noted that the issues as submitted by the court referred to whether or not the parties had a verbal agreement that the title and possession of the land, should be vested in appellant as a gift or as compensation for past obligations, at or before the time the deed was made.

A gift could be completed without any prior verbal agreement between the parties that it should be such, and, if appellee, at the time he had the deed executed to appellant, intended it to be a gift, then the title both legal and equitable passed to appellant, and he would not now be heard to say that the deed passed only the legal title.

It needs no citation of authorities to the effect that a defendant is entitled to have his theory of the case presented to the jury, and, the court not having given the jury an opportunity to pass upon issues presenting such theory, though requested to do so, any judgment rendered must be reversed.

We are of the opinion that the facts shown by the evidence of appellee show a resulting trust, and we cannot agree with appellant that the evidence showed merely an agreement in the nature of an executory contract.

Such evidence shows that the superior equitable title remained in appellee, that the entire consideration was paid by him, and that all the interest appellant ever had was an interest in any profits which might arise from a sale. Under such state of facts, appellee could repudiate the agreement at any time, subject, however, to an action for damages by appellant, if any he suffered by reason of such repudiation.

Appellant in his ninth proposition complains of the refusal of the court to charge the jury that the burden of establishing the affirmative of special issue No. 1 was on appellee.

This question has been before this court on several occasions, and we have consistently held that such a refusal presented no error.

The writer of this opinion in the case of Ford v. Couch (Tex. Civ. App.) 16 S.W.(2d) 869, went thoroughly into the question, and decided that our position on the question was the proper one. See authorities there cited.

Being confident of the correctness of our holdings thereon, we do not feel disposed to certify the question to the Supreme Court as requested by appellant in his supplemental brief.

Because the theory of appellant was not properly submitted to the jury, the judgment is reversed, and the cause remanded.