### BELSER v. ACHLEY et al.
#### No. 8997.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1933.

Sidney P. Chandler and J. Marvin Erickson, both of Corpus Christi, for appellant.

H. Alston Terry, of Corpus Christi, for appellees.

SMITH, Justice.

This appeal is predicated upon the contention that the trial judge, opposing coun-

sel, and one of the jurors were guilty of misconduct upon the trial. The transactions complained of are presented in part by a bystanders' bill of exceptions, but there seems to be no material differences between the several versions of those transactions. Appellees have filed no brief in the case.

■ In his fourth proposition appellant complains of certain statements made by counsel for appellees in his argument to the jury. The record shows, however, that appellant withdrew his objections to that argument when the trial judge offered to direct the jury to disregard the same. The proposition is overruled.

■ The remaining propositions relate to the following transaction: An apparently officious juror, one Pratt, left his fellows in the jury room adjoining the courtroom and, approaching the trial judge on the bench, told him, in the presence of counsel for both parties, that the jury were unable to agree, and asked him "if they could throw it (this case) out," to which the court orally replied that "they would have to find for plaintiff or for the defendants." The juror then repeated the statement that the jury were unable to agree, and said "they want to know if they can throw it out." At this juncture counsel for appellee, then and there present, requested the judge to "tell him (meaning the juror) what the result of throwing the case out would be"; but the judge declined, and again informed the importunate juror that the jury would "have to find for the plaintiff or for the defendants." The juror then retreated, rejoining his fellows in the jury room. The record does not satisfactorily disclose whether the remaining jurors saw or heard the colloquy between Juror Pratt and the trial judge, or what was said by Pratt upon his return to the jury room. Appellant complains of this transaction as being in violation of the provisions of article 2198, R. S. 1925, as follows: "After having retired, the jury may ask further instructions of the court touching any matter of law. For this purpose they shall appear before the judge in open court in a body and through their foreman state to the court, either verbally or in writing, the particular question of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except in conformity with the preceding rules and only upon the particular question on which it is asked."

We are of the opinion that the incident in question requires a reversal of the judgment. It is obvious that the learned trial judge, conscious of the dignity and sanctity of his position, rightly sought to free the incident of all possibility of injury and prejudice, without harshly rebuffing the offending juror, who, nevertheless, should have been instantly reprimanded, ordered to rejoin his fellows, and admonished to better observe the proprieties of his position. But, under the authorities, and in deference to the requirement of the statutes and the demands of a sound public policy, we are obliged to hold that the incident in question came clearly under the condemnation of the law, and any verdict bearing the taint of that proceeding should be set aside. Texas Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033; Smith v. Harris (Tex. Civ. App.) 252 S. W. 836; Holman v. Cusenbary (Tex. Civ. App.) 225 S. W. 65; Lorenzen v. Keenan (Tex. Civ. App.) 266 S. W. 839; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144; Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W. (2d) 363.

Reversed and remanded.