## ST. LOUIS, B. & M. RY. CO. v. HEARD & HEARD.

### No. 9172.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1933.

Rehearing Denied Jan. 10, 1934.

Proctor, Vandenberge, Crain & Vandenberge, of Victoria, for appellant.

J. W. Ragsdale, of Victoria, for appellee.

MURRAY, Justice.

Appellee, Heard & Heard, a private corporation, instituted this suit against the St. Louis, Brownsville & Mexico Railway Company, asking damages in the sum of $7,500, for the destruction of appellee's truck, which was struck by a train operated by the servants of appellant.

The cause was submitted to a jury by the trial judge, on seven special issues, contained in his main charge. A number of specially requested issues were also given and submitted to the jury. The jury answered each of the first six issues "Yes" and the seventh "$6,500," and accordingly judgment was rendered in favor of appellee and against appellant in the sum of $6,500.

■ It is clear that the burden of establishing the affirmative of issues 1 to 6 was upon appellee, who was the plaintiff below. The trial court did not attempt to tell the jury upon whom the burden of proof rested. Appellant excepted to the main charge, because the court did not tell the jury that the burden of proving the affirmative of these issues was upon appellee, and has presented the matter here in numerous assignments of error.

We are of the opinion that the court's failure to tell the jury that the burden of proving the affirmative of these issues was upon the appellee constitutes error, requiring the reversal of this judgment.

The right to have the burden of proof properly placed in a case is a valuable right, and, when not done, over the request and proper exception of a party, constitutes reversible error. International Shoe Co., etc., v. Hachar (Tex. Civ. App.) 60 S.W.(2d) 810; Psimenos v. Huntley (Tex. Civ. App.) 47 S.W.(2d) 622, and authorities there cited.

■ It is true that the court instructed the jury generally that they should answer the issues from a preponderance of all the evidence before them. This instruction could not be regarded as placing the burden of proof. While it was equivalent to telling the jury that affirmative answers must be based upon a preponderance of the evidence, it was also equivalent to telling them that negative answers must be based upon the same preponderance of the evidence, and gave them no instruction as to what was to be done in the event the evidence was exactly equal and did not preponderate in favor of either party. In

other words, it did not place the burden of proof.

This proposition is ably and fully discussed by Justice Gallagher in Psimenos v. Huntley, supra. A repetition of that discussion will serve no useful purpose here. It will suffice to merely refer to that opinion. See, also, Fidelity & Guaranty Fire Corporation v. Ormand (Tex. Civ. App.) 62 S.W.(2d) 675; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263; Gattegno v. The Parisian (Tex. Com. App.) 53 S.W.(2d) 1005.

The above holding renders it unnecessary for us to discuss appellant's other assignments of error.

The judgment of the lower court is reversed, and the cause remanded.