## HARRISON–WRIGHT CO. v. BUDD.

No. 9167.

Court of Civil Appeals of Texas. San Antonio.

Dec. 6, 1933.

Rehearing Denied Jan. 17, 1934.

R. H. Mercer, of San Antonio, and R. L. Daniel, of Victoria, for appellant.

J. W. Ragsdale and Fred C. Proctor, II., both of Victoria, for appellee.

SMITH, Justice.

This controversy arose from a head-on collision between two motortrucks traveling on a highway near the city of Victoria, one owned by an individual, the other by a corporation.

As usual, each driver contended that the other was negligently driving his vehicle on the wrong side of the roadway.

The jury found in favor of the individual, and therefore against the corporation, on all material issues. From the resulting adverse judgment, the corporation has appealed.

■ In examining the jury upon their voir dire, one of appellee's counsel, apparently within the hearing of the injury, asked appellant's counsel what "indemnity company" the latter was representing in the case. Appellant's counsel vigorously protested against such an inquiry, and in the ensuing discussion between counsel appellee's attorney repeatedly urged his assumption that appellant's liability in the case was covered by indemnity insurance and demanded the name of the undisclosed insurer. The controversy closed with a motion by appellant that the panel, and particularly the juror then under examination, be discharged, on the ground that the conduct of appellee's counsel was "prejudicial and improper." The trial judge overruled the motion for the "present." The incident was not thereafter reopened nor the motion renewed. The transaction was obviously prejudicial to the rights of appellant, and the courts have uniformly reversed judgments tainted with the like, where the complaining party has timely saved and diligently pressed his objections and exceptions. But in this case appellant does not appear to have been diligent, in the absence of a showing that it renewed its motion to discharge the panel or the particular juror. The trial judge was quick to recognize the impropriety of the proceeding and to admonish counsel as to the probable error of it, and no doubt, had appellant renewed its motion after the incident was past sufficiently for deliberate consideration, the trial judge would have granted the motion and passed the case for another panel. The ruling of the judge was made in such manner as to invite a renewal of the motion, and, in the absence of such renewal, he probably and properly assumed that appellant had elected to waive it. Appellant's second proposition is overruled.

■■ Appellant timely complained of the failure of the trial court to place the burden of proof upon appellee to establish the affirmative of certain issues which, if answered in the negative, would have acquitted appellant of liability. In placing the burden of proof, the trial court simply instructed the jury generally, in a clause preceding the group of various special issues submitted, that "This case is submitted to you on what is known in law as special issues, each special issue submitted to be answered by you from a preponderance of all the evidence before you and without regard to the effect your answers may have upon the rights of the parties, or the judgment to be rendered herein."

This instruction was followed by seventeen special issues, in which were submitted the several acts of negligence charged by the respective parties against each other, such as, for examples:

"Was the employee in charge of defendant's truck at the time of the collision between defendant's truck and plaintiff's truck, driving said truck on the left hand side of the middle of the highway on which they were traveling?"

"Was the plaintiff at the time of the collision between his truck and defendant's truck driving his said truck down the middle of the highway on which he was traveling?"

It is obvious that, in order to convict appellant under the first-quoted issue, the bur-

den rested upon appellee to establish the affirmative of that issue by a preponderance of the evidence, and that, in order to convict appellee of negligence under the second issue, a like burden rested upon appellant. Appellant was not required to meet appellee's proof with a preponderance of the evidence to entitle it to a negative answer to the first issue, nor did appellee have such burden as to the second issue. The parties were entitled to negative answers unless the evidence preponderated in favor of an affirmative answer or if the evidence was equally divided between such answers in the minds of the jury. Each party was therefore entitled to an instruction which would inform the jury, in effect, that only in case the evidence preponderated in favor of the affirmative could they find in the affirmative; that they should find in the negative in the absence of a preponderance of the evidence upon the affirmative of the issue. The general charge given in this case did not so inform the jury, but informed them, in effect, that they could not return a negative answer unless the evidence preponderated that way, which was error.

It is not difficult to comprehend how trial judges have been misled in the confusion among the authorities in this matter. The writer pleads guilty to expressions which may have contributed to that confusion. Fidelity Union Cas. Co. v. Martin (Tex. Civ. App.) 45 S.W.(2d) 682, 683 (dismissed for want of jurisdiction). The same is perhaps true of other cases. Houston & T. C. R. Co. v. Stribling (Tex. Civ. App.) 293 S. W. 890 (writ refused), in which a charge similar to that given in this case was approved, although the judgment was reversed upon other grounds; O'Brien v. McDow (Tex. Civ. App.) 8 S.W.(2d) 561 (dismissed for want of jurisdiction).

The weight of recent decisions supports the holding above promulgated, and there seem to be none to the contrary. Speer's Special Issues, § 133; Eagle Star & British Dominions Ins. Co. v. Head (Tex. Civ. App.) 47 S.W.(2d) 625; St. Louis, B. & M. R. Co. v. Heard, 66 S.W.(2d) 1092, decided by this court in an opinion by Justice Murray on November 29, 1933, and authorities there cited.

With these restrictions with which trial judges are hedged about, upon the presumption that juries comprehend and faithfully conform to all the nice distinctions embraced in instructions given them, it would seem that the only safe way to charge upon the burden of proof is to include in each special issue the instruction, that the answer thereto must be found from a preponderance of the evidence. Such method has been directly proposed, or indirectly approved, by several of our appellate courts, including the Commission of Appeals. Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Ford v. Couch (Tex. Civ. App.) 16 S.W.(2d) 869 (Dismissed for want of jurisdiction); Hoover v. Smallwood (Tex. Civ. App.) 45 S.W.(2d) 702; Texas Employers' Ins. Ass'n v. Wolfe (Tex. Civ. App.) 47 S.W.(2d) 386 (Writ Refused); City of Waco v. Diamond (Tex. Civ. App.) 46 S.W.(2d) 1049 (Writ Granted); Id. (Tex. Com. App.) 65 S.W.(2d) 272; Continental Oil Co. v. Berry (Tex. Civ. App.) 52 S.W.(2d) 953 (Writ Refused).

Other questions are raised in the appeal, but, in view of another trial, it is not deemed necessary to discuss or decide them.

Because of the error in the charge concerning the burden of proof, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

In his motion for rehearing, appellee insists that this court pass upon all appellant's assignments of error, but we conclude that we are not warranted in doing so. Those propositions of law not disposed of in the original opinion rest chiefly upon the sufficiency of the pleadings or evidence to support the judgment or the charges submitted. We must assume that the parties will replead before another trial, and we think it improper, in view of another trial, to comment upon the sufficiency, weight, or effect of the testimony adduced upon the former trial. 3 Tex. Jur. § 720.

Appellee's motion for rehearing will be overruled.