## UTZ v. SANDERS.

### No. 4635.

Court of Civil Appeals of Texas. Texarkana.

Feb. 28, 1935.

Butler & Price, of Tyler, for appellant.

Pace & Goens and J. Byron Saunders, all of Tyler, for appellee.

HALL, Justice.

Appellee filed this suit against appellant in the county court of Smith county on May 3, 1933, to recover certain sums of money alleged to be due him by appellant for a large number of rose bushes alleged to have been sold appellant by appellee and one Eikner, whose claim had been assigned to appellee. Appellant answered by general denial, and specially to the effect that he had secured an order for a large number of rose bushes of the yellow variety from a nurseryman in New Jersey. That he was unable to furnish, of this variety, a number sufficient to load a railway car and sought out his neighbors to aid him by putting in some of their rose bushes to make a full carload. He alleged, further, that the appellee was informed what price would be paid by the nurseryman of New Jersey for the rose bushes, and that the appellant would charge the sum of 1 cent per rose bush for handling and packing same in the car for shipment; that he at no time agreed to purchase from the appellee the rose bushes in question, but was merely acting for their accommodation in shipping the rose bushes in the same car with his to the same nurseryman under the arrangement set out above, charging 1 cent per bush to cover expense and trouble in packing and loading same. When the car of rose bushes reached New Jersey, they were dry and unfit for planting. Appellant states further that he informed appellee and Eikner of this fact and they agreed for said car to be diverted to another nurseryman in Connecticut. The latter nurseryman accepted those rose bushes found fit for planting. The others were refused. Appellee's and Eikner's rose bushes were among those refused as unfit for planting.

A trial was had to a jury, and on special issues answered favorably to appellee, judgment was rendered for him, and from this judgment appellant prosecutes this appeal.

Appellant brings forward ten assignments of error complaining of the failure of

244

the trial court to submit to the jury certain requested special issues, and raising objections to the charge of the court. We think the court properly refused the requested issues of appellant.

This was a suit on an oral contract. The trial court submitted two issues to the jury which are as follows:

"Did the plaintiff, D. J. Sanders agree to sell and the defendant, W. T. H. Utz, agree to purchase the 7,730 rose bushes at four cents each that were delivered to the defendant Utz by D. J. Sanders?"

"Did E. E. Eikner agree to sell and W. H. T. Utz agree to buy the 7,725 rose bushes at four cents each that were delivered to the defendant Utz, by the said E. E. Eikner?"

By these issues it is seen that the court submitted the ultimate issues of fact to be found by the jury. An affirmative answer to these issues would clearly entitle appellee to a judgment, and a negative answer to them would unquestionably entitle appellant to a judgment. Therefore, in our opinion, it would have been useless for the court to submit the issues requested by the appellant for the obvious reason that nothing could have been gained by him from a favorable answer to said requested issues. D. H. Adams & Co. v. Texas & Pacific Coal & Oil Co. (Tex. Civ. App.) 275 S. W. 1100. If appellant had pleaded some special defense and had introduced evidence to substantiate same, then he would in law have been entitled to appropriate special issues submitting his theory of the case to the jury.

The other error assigned in this case relative to the charge of the court on the burden of proof, we think, will require a reversal of same. Preceding the two special issues copied above the court gave the following general charge: "The plaintiff must show the affirmative of the questions submitted by a preponderance of testimony, by which is meant the greater weight and degree of credible testimony."

The giving of this charge was error, because it virtually told the jury that an affirmative answer to said issues would entitle plaintiff to a judgment. This practice has been condemned by many of the Courts of Civil Appeals. A charge very similar to this was condemned in the case of Texas & P. R. Co. v. Bufkin (Tex. Civ. App.) 19 S.W.(2d) 343, 345. Concerning such charge, the court said: "By the fourth proposition the defendant complains that, over its objection, the

court gave a general charge upon the burden of proof in connection with the special issues submitted. The record bears out the contention and the proposition will be sustained. In the opinion in Linn Motor Co. v. Wilson et al. (Tex. Civ. App.) 14 S.W.(2d) 867, the court, in disposing of a like proposition complaining of a charge in substance the same as that given by the trial court in the instant case, used this language: 'According to the authorities in this state, relative to this question, the court was in error in giving the charge on the burden of proof, as above shown, and for that reason the judgment in this case must be reversed. Where this character of charge has come before any of our appellate courts, it has been condemned as reversible error, where the case was submitted upon special issues.' "

To the same effect are Texas & P. R. Co. v. Hancock (Tex. Civ. App.) 59 S.W.(2d) 313; Ford v. Couch (Tex. Civ. App.) 16 S.W.(2d) 869; Sunlite Co., Manufactures, v. Justice (Tex. Civ. App.) 257 S. W. 579; Texas Indemnity Ins. Co. v. Davis (Tex. Civ. App.) 32 S. W.(2d) 240; Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363.

For the error pointed out, the judgment in this case should be reversed and the cause remanded, and it is so ordered.