**STATE FARM MUT. AUTOMOBILE INS. CO. v. SANDERS et al.**

**No. 9619.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 13, 1935.

Seabury, Taylor & Wagner, of Brownsville, for appellant.

C. C. Bryant and Paul H. Brown, both of Harlingen, for appellees.

MURRAY, Justice.

R. C. Sutton instituted this suit against appellee R. H. Sanders, seeking to recover damages alleged to have been sustained by him as a result of a collision between two automobiles.

Appellant, State Farm Mutual Automobile Insurance Company, intervened in the cause and alleged that it was the liability insurance carrier of R. H. Sanders, in the sum of $10,000, and that Sutton and Sanders had planned the collision between their cars, with the idea in mind of thereby extorting money from appellant. It further alleged that Sutton was not injured at all, but was fraudulently pretending to be greatly injured.

The cause was submitted to a jury upon a number of special issues, and upon answers being returned favorable to appellees, the trial judge entered judgment in the sum of $3,983.90 in Sutton's favor, and in the sum of $500 in Sanders' favor, being the reasonable amount of attorney's fees which he was required to pay to defend the cause of action against him.

From this judgment, the insurance company has prosecuted this appeal.

The court's charge to the jury included the following instruction:

"10. In answering the following questions, you are instructed that your answers should be based on the facts as you find the same to be from a preponderance of the evidence.

"By a preponderance of the evidence is meant that evidence which is more credible and convincing to the mind."

Following this instruction, nineteen special issues were submitted to the jury. None of these issues were framed so as to properly place the burden of proof. The

above instruction was the only attempt to place the burden of proof. This court has recently held a charge in this form to be reversible error. St. Louis, B. & M. Ry. Co. v. Heard & Heard (Tex.Civ.App.) 66 S.W.(2d) 1092; Harrison-Wright Co. v. Budd (Tex.Civ.App.) 67 S.W.(2d) 670.

However, if there was ever any room for discussion on this matter, it has now been eliminated by a recent opinion of the Supreme Court styled Texas Employers' Ins. Ass'n v. Lemons, 83 S.W.(2d) 658. In that case Justice Critz, speaking for the court, definitely holds that such a charge does not properly place the burden of proof and is such error as to require a reversal. Appellant properly excepted to the charge in the court below and here assigns the failure to properly place the burden of proof as error. We sustain the assignment.

There are other assignments, but, as they relate to matters that probably will not occur upon another trial, same will not be here discussed.

For the error pointed out, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.