## NATIONAL AID LIFE ASS'N v. BAILEY.
### No. 2266.

Court of Civil Appeals of Texas. Beaumont.

Nov. 14, 1932.

Rehearing Denied Nov. 23, 1932.

Avery & Wallace, of Center, for appellant.

Anderson & Lewis, of Center, for appellee.

WALKER, C. J.

This was a suit by appellee, r. B. Bailey, against appellant, National Aid Life Association, an Oklahoma corporation, upon a life insurance policy (assessment plan) in the sum of $2,500, issued by appellant to J. E. Bailey, naming appellee, his brother, beneficiary. The allegations of the petition were sufficient to state a cause of action for the amount of the policy. Appellant answered by general and special demurrer, general denial, and specially that the policy sued upon was a nonmedical policy, issued and delivered upon the written application of J. E. Bailey, making warranties of the statements and repre-

sentations in the application; that, under the laws of the state of its incorporation and its by-laws, appellant could not insure an applicant who was more than fifty-five years of age, and that the application made this law and the by-laws a part of the contract; that by his application J. E. Bailey represented and warranted that he was of insurable age when, in fact, he was fifty-nine years of age on the date of his application; that by the laws of its incorporation and its by-laws applicants were required to be in good health on the date of the application and on the date of the bodily delivery of the policy to the insured; that J. E. Bailey represented and warranted by his application that he was in good health and had not suffered and was not suffering from a kidney disease when, in fact, he was not in good health and suffered with Bright's disease on the date of the application, from which he shortly thereafter died; that had appellant known of the false representations in the application it would not have issued the policy. Wherefore, it prayed for judgment in its behalf. Appellee replied in his supplemental petition by general and special demurrers and general and special denial and specially pleaded that J. E. Bailey was in good health at the time he applied for the $2,500 policy, and by the following special plea:

"And for further answer, plaintiff specially denies all of the defensive matters set up in paragraph No. 4 under his special exceptions in said answer and says that the same is not true in whole or in part, and says that the defendant entered into this contract herein sued on, with full knowledge of all conditions, or with reasonable diligence could have ascertained all the facts incident to or surrounding the transaction and it is here and now estopped from denying knowledge of any condition or circumstances surrounding the contract of insurance.

"Wherefore plaintiff prays judgment of the Court as in his original petition."

By permission of the court, after announcement of ready for trial, appellee filed the following trial amendment:

"That long prior to the issuance of this policy sued on herein the said J. E. Bailey was a member of a home or local Benefit Association with head-quarters at Center, Texas, and that subsequent to his being admitted to said Center Association and prior to the issuance of this policy sued on herein, the said defendant by due contract took over and merged the said Center Association into the organization of the defendant and contracted and agreed to take over all members in said Center Association on the basis of the application in and to the Center Association, and that after such contract or merger was entered into, the agent of the defendant was instructed to have caused issued policies of in-

surance by the defendant in lieu of membership theretofore held in the Center Association, and said defendant made due investigation of all the conditions and circumstances before the issuance of policies from their association of the membership of the said Center Association and they are here and now estopped from denying said facts, and that this policy grew out of original membership in said Center Association.

"Wherefore plaintiff prays judgment as in his original pleadings."

Upon the trial the jury found the following facts: (1) Appellant "agreed to take over and insure the members of the Shelby County Benefit Association of Center, Texas, on the basis of the application in and to the Shelby County Benefit Association." (2) On the date of the merger by which appellant took over the membership of the Shelby County Benefit Association, J. E. Bailey "was a member in good standing of and held a policy of insurance in the Shelby County Benefit Association of Center, Texas." (3) After the merger, appellant "issued to J. E. Bailey a policy in which P. B. Bailey was named as beneficiary in lieu of the policy held by him in the Shelby County Benefit Association of Center, Texas." (4) The amount of the policy held by J. E. Bailey in Shelby County Benefit Association of Center, Tex., was $1,000. (5) The jury answered "No" to the question, "Do you find from the preponderance of the evidence that J. E. Bailey, the insured, was not in good health on January 30, 1930." (6) The answer was "No" to the question, "Do you find from the preponderance of the evidence that J. E. Bailey was not in good health at the time of the delivery of the policy for $1,000.00 applied for on January 30, 1930." (7) The jury found that J. E. Bailey was suffering with Bright's disease on January 30, 1930; (8) and that he had Bright's disease at the time of the delivery of the policy for $1,-000 mentioned in the application dated January 30, 1930. (9) The answer "No" was given to the following question, "Do you find from the preponderance of the evidence that the insured, J. E. Bailey, was not in good health on the 14th of August, 1930"; and (10) the answer "No" was also given to the question, "Do you find from the preponderance of the evidence that J. E. Bailey was not in good health at the time of the delivery of the $2,500.00 policy sued on in this case." Answering questions 11 and 12, it was found that J. E. Bailey had Bright's disease on the 14th day of August, 1930, the date of the application for the policy of $2,500, and at the time the $2,500 policy was delivered to him. Answering questions 13 and 14, it was found that J. E. Bailey had been suffering with kidney trouble prior to January 30, 1930, and prior to the 14th of August, 1930. On the verdict, the trial court refused to allow ap-

pellee judgment upon the policy for $2,500 sued upon, but rendered judgment in his favor for $1,000, the amount of the policy held by J. E. Bailey in the Shelby County Benefit Association of Center, Tex., on the date appellant took over the business of that association.

### Opinion.

[1] We agree with appellant that the judgment is entirely without support in the pleadings. Neither in his original petition nor in his supplemental petition nor in his trial amendment did appellee plead and pray for judgment upon the $1,000 policy held by J. E. Bailey in the Shelby County Benefit Association on the date appellant took over the business of that association. Even if, under the undisputed facts, appellant was liable on that policy, or the substitute policy of $1,000, the issue was not raised by the pleadings. But appellee pleaded only that appellant had issued to J. E. Bailey a $2,500 policy in lieu of the $1,000 policy, and in all of his pleadings asked for judgment upon the policy for $2,500. It is the rule that the plaintiff cannot recover beyond his allegations. Had he desired to have judgment alternatively upon the $1,000 policy, he should have pleaded facts entitling him to that relief. No such pleading is in the record.

■ Appellee has cross-assigned error against the refusal of the trial court to allow him judgment on the jury's verdict for $2,500, the amount of the policy sued upon. These cross assignments are overruled. Under the verdict of the jury appellant's defenses against the $2,500 policy were fully sustained.

Reversed and remanded.