INTERNATIONAL SHOE CO. (ROBERTS, JOHNSON & RAND BRANCH) v. HACHAR.

No. 9064.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1933.

A full discussion of this matter will be found in Psimenos v. Huntley (Tex. Civ. App.) 47 S.W.(2d) 622.

For the error pointed out, the judgment will be reversed, and the cause remanded.

## RINCON v. BERG CO. et al.

### No. 2811.

Court of Civil Appeals of Texas. El Paso.

April 27, 1933.

Rehearing Denied May 18, 1933.

C. E. Wade and N. A. Rector, both of Laredo, for appellant.

M. J. Raymond and E. A. Mullally, both of Laredo, for appellee.

MURRAY, Justice.

The International Shoe Company, appellant, brought this suit against D. D. Hachar, appellee, upon a sworn account for shoes shipped to appellee. Appellee's defense to this account was that he had returned a sufficient number of shoes to offset the balance due on his account. Appellee claimed he had an agreement that he could return shoes and receive credit for same. Appellant denied that appellee had any such privilege. The evidence was contradictory on this point, and the question was properly submitted to the jury as special issue No. 2. Following this issue, the court gave the jury this instruction: "In answering this Special Issue you will determine whether the preponderance of the evidence is in favor of the affirmative or negative and answer the question accordingly."

Appellant objected to this instruction because it did not place the burden of proof upon appellee, where it properly belonged. This action of the court was excepted to, and is here presented as error. Appellee has not favored us with a brief, and appellant's assignments are presented to us unanswered in any way by appellee.

The court erred in not instructing the jury that the burden of proof was on appellee. The right of parties litigant to have a proper charge on the burden of proof is a valuable one. This instruction informed the jury how to answer the issue if the evidence preponderated either in favor of the affirmative or the negative of the question, but did not tell them that appellant was entitled to a negative answer if the evidence did not preponderate in favor of either side of the question.