## BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN v. HALL et al.

### No. 7861.

Court of Civil Appeals of Texas. Austin.

Oct. 25, 1933.

Rehearing Denied Nov. 15, 1933.

Smith, Brownlee & Goldsmith and E. F. Smith, all of Austin, for appellant.

Geo. S. Dowell, Robert Ben Thrasher, and Edwin G. Moorhead, all of Austin, for appellees.

BAUGH, Justice.

Suit was by Malcum and Geneva Hall by next friend upon an insurance certificate for $1,000, issued by appellant to Millard Hall on March 22, 1912, and alleged to have been changed to a $4,000 policy in September, 1922, and said children named as beneficiaries. Appellees also sought to recover 12 per cent. statutory penalty and attorney's fees. The case was tried to a jury upon special issues and judgment rendered in favor of appellees for $1,000, with interest

from January 10, 1930, from which the brotherhood has appealed.

Appellees alleged the issuance of the policy in 1912 for $1,000, change of beneficiaries and increase to $4,000 in 1922, and further, "That on or about the 9th day of January, A. D. 1923, the said Millard Hall was living at Gallup, New Mexico. That he was employed on the Railroad as a fireman and had a good position with his railroad company. That he had on said date approximately a month's pay coming to him. That he had been in the position for several months and was a quiet and peaceable type of man and inclined to give close attention to his duties. That he was last seen on the night or evening of the 10th of January A. D. 1923, and at that time was in good spirits and was jovial with friends. That thereafter he was not seen by anyone; that he left his wages uncollected and his clothing at his room were not disturbed. That he has never been seen nor heard from since the date aforesaid; that the said insured has been absent for more than seven years and has not been seen nor heard from since the date heretofore alleged nor during the said seven years or more absence. That the said Millard Hall is dead and that on the date of his death the said policy of insurance was in full force and effect."

Then followed allegations and prayer for 12 per cent. penalty, $650 attorney's fees, and total damages of $5,130.

Appellant's special exceptions to claims for penalty and attorney's fees were sustained, of which no complaint is made. Appellant's answer, in addition to a general demurrer and general denial, admitted execution and delivery of the $1,000 policy in 1912; alleged that its constitution and by-laws, adopted by the order subsequent to 1912, and which became a part of the policy, expressly provided that: "No presumption of death shall arise from the disappearance of a member so as to create a liability under any beneficiary certificate." It also alleged that appellant's headquarters were in the state of Ohio; that the contract in question must be construed under the laws of Ohio; that the courts of that state had upheld the validity of such a provision; that the courts of Texas are bound by such adjudication; and that therefore no liability of appellant under said policy attached. Appellant further answered that Millard Hall was expelled from appellant order and his certificate of insurance canceled, under its terms, on May 2, 1923, for nonpayment of dues, and denied any liability thereunder.

Issue No. 1 submitted to the jury was: "Do you find and believe from the evidence that Millard Hall is at this time living?" to which the jury answered, "No."

Issue No. 3 read: "Do you find and believe from the evidence that the said Millard Hall was dead on the first day of May, 1923?" to which the jury answered, "Yes."

The proof amply sustained appellees' allegations above quoted, and showed that Millard Hall's mother, who lived in Travis county, and to whom he habitually wrote, was notified immediately of his disappearance from Gallup, N. M., on January 10, 1923; that two of his brothers went immediately to Gallup and made diligent search for him for a period of thirty days, assisted therein by the police there, and by radio broadcasts; that they offered a $500 reward for information of his whereabouts; that they searched the Santa Fé water tank and the Rio Grande river in that vicinity for several miles; but that they found no trace of him. No charges of misconduct by the Santa Fé, nor for violation of any law, were found against him. His room showed that he had merely changed from his work clothes to his street clothes, and left it, leaving apparently all of his other possessions, including trunk, clothes, toilet articles, personal articles, a small amount of money, and bore every evidence of an intention to return. He was seen by a waitress at the Harvey House lunch counter in his usual mood about 9 p. m. of the night of his disappearance. Those to whom he habitually wrote, including his mother, his wife and children, and some other relatives, have never heard from nor of him since his mysterious disappearance; and the back pay then due him by the Santa Fé was never called for by him, but was subsequently paid to his wife. In brief, no reason or motive for his disappearance was shown to exist, unless it be, as urged by appellant, that he and his wife were separated and she had the children. This had occurred, however, some two years before, and he was shown to have maintained habitual communication with his mother, his wife and his children, subsequent to such separation and up to the time of his disappearance.

■ Appellant's first contention is that appellees wholly failed to establish seven years' continuous absence from the place of his last known residence. In this appellant is, we think, correct. The only proof that he had not been heard of at last known residence was during the 30-day period in which search was made for him in New Mexico by his brothers; and that he had not returned to his family in Texas, nor been heard of nor from by his relatives. This was not sufficient. To avail appellees of the presumption of death based upon seven years' absence without tidings of his whereabouts, the proof must relate to such absence from his residence in New Mexico. Absence from his former residence in Texas, after he had established a new domicile else-

where, does not suffice. Thetford v. Modern Woodmen of America (Tex. Civ. App.) 273 S. W. 666, 672; Fowler v. Hardee (Tex. Civ. App.) 16 S.W.(2d) 154; American Natl. Ins. Co. v. Garcia (Tex. Civ. App.) 46 S.W.(2d) 1011; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89, 96; 13 Tex. Jur., 517. This we think appellees clearly failed to make.

■ Appellant also contends that there was no basis in the pleadings or the evidence for the submission of question No. 3. Appellees did not allege that their father died prior to May 1, 1923, or at any definite time. They waited until seven years had elapsed after his disappearance to file suit, and prayed for interest on their claim only from January 10, 1930. It may be inferred, therefore, that they were relying in part, if not largely, on such seven years' absence as proof of death by presumption, and grounded their cause of action accordingly. Their allegations, except as to the facts and circumstances surrounding his disappearance, are only general, "That the said Millard Hall is dead and that on the date of his death the said policy of insurance was in full force and effect." Only a general demurrer was addressed to this portion of appellees' pleadings. The appellant defended on the ground, among others, that Hall's policy was canceled on May 2, 1923.

While a plaintiff should plead the facts on which he relies for recovery with sufficient particularity to advise the defendant thereof and enable him to meet such proof, and perhaps a special exception to appellees' petition with respect to the time of Hall's death might have required more particularity as to that issue, we fail to see where appellant was injured. Had appellees alleged that Hall died prior to May 1, 1923, such pleading would necessarily have been based upon, and proof of his death predicated upon, the same facts and circumstances that were pleaded; and upon the same testimony, introduced without objection, which appellees offered upon the trial. In brief, appellees appear to have apprised appellant of all the facts known to them, and a mere allegation that Hall died prior to May 1, 1923, would have advised appellant of nothing more than the facts pleaded had already disclosed. Appellees' suit was predicated upon two ultimate facts: First, the policy issued to Hall, which was admitted in appellant's answer; and, second, proof of death while said policy was in force. No limitation is here involved, and appellees could have brought their suit at any time after their father's disappearance and relied upon the facts and circumstances surrounding it as establishing his death independent of any presumption; or they could, as they did, await the expiration of the seven-year period, and then sue, invoking in their behalf the legal presumption created by such lapse of time. Sovereign Camp, W. O. W., v. Boden,

117 Tex. 229, 1 S.W.(2d) 256, 61 A. L. R. 682; Sovereign Camp, W. O. W., v. Piper (Tex. Civ. App.) 222 S. W. 649; 13 Tex. Jur., 522, and cases there cited. And the fact that such presumption was invoked does not preclude proof of death otherwise. Seven years' absence is but evidentiary and creates a rebuttable presumption of death. Appellees alleged death of their father while said policy was in force and effect; and appellant alleged that said policy was not in force and effect after May 2, 1923. As against a general demurrer to the petition, therefore, and in view of said answer, and the rule announced in Gulf, C. & S. F. Ry. Co. v. Anderson, 76 Tex. 244, 13 S. W. 196, 198, that "facts proved should be supported by a pleading on the subject, but it is not material by which party the facts are pleaded. An omission by one party may be cured by the other," we think issue No. 3 submitted to the jury was sufficiently raised by the pleadings and properly submitted to the jury.

■■ We also think the proof was clearly sufficient to sustain the jury's answer thereto. Of necessity, death in such case must be established by circumstantial evidence. Without further detailed discussion thereof, and in the light of adjudicated cases, we think the facts and circumstances surrounding Hall's disappearance, heretofore stated, were sufficient to sustain the jury finding that Hall in fact died prior to May 1, 1923. For analogous cases on this question involving similar issues, see Sovereign Camp, W. O. W., v. Robinson (Tex. Civ. App.) 187 S. W. 215; Sovereign Camp, W. O. W., v. Piper (Tex. Civ. App.) 222 S. W. 649, 651; Tisdale v. Conn. Mut. Life Ins. Co., 26 Iowa, 170, 96 Am. Dec. 136; 13 Tex. Jur., 528.

In view of this conclusion we think issue No. 1, and the jury's answer thereto, become immaterial. If death were established within the time indicated, that is, prior to May 1, 1923, the presumption based upon seven years' absence, obviously applicable to question No. 1, is of no importance.

■ This brings us to the charge of the court complained of. Prefatory to the special issues submitted, the court charged the jury as follows:

"The jury will decide the issues upon a preponderance of the evidence submitted to you under the rulings of the court.

"The plaintiffs must prove their case by a preponderance of the evidence."

Proper objections were made to the first sentence above; but no objection was lodged against the second sentence. Since we have concluded that the case must be reversed because of the error complained of, we deem it not amiss to say that the second portion above quoted is but a general charge, imposing upon the jury the duty of ascertaining what appellees should prove in order to recover; a

matter beyond their province. When special issues are submitted it is the duty of the jury to answer them from the evidence, irrespective of whether such answers entitle the plaintiff or the defendant to a judgment.

The identical question here raised was before the Waco Court of Civil Appeals in the recent case of Psimenos v. Huntley, 47 S.W. (2d) 622, and there ably discussed in an opinion by Gallagher, C. J., and numerous cases bearing upon the point cited and reviewed. The charge given was tantamount to saying to the jury: Whichever way you answer the issues submitted, your answer, whether in behalf of the plaintiffs or the defendant, must be supported by a preponderance of the evidence. This was clearly improper. It was incumbent upon the plaintiffs, appellees here, to show by a preponderance of the evidence that Hall had died prior to May 1, 1923. Absent such preponderating evidence to that effect, appellant was entitled to have the jury answer in the negative. But under the charge as given, appellant must, to adduce a negative answer from the jury, have shown by a preponderance of the evidence that Hall had not died prior to May 1, 1923. The same objection would apply to question 1 as submitted, should the proof upon another trial require the submission of such issue. For an approved charge in such cases, attention of the trial court is invited to the Psimenos Case, supra, and to Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, 214.

We do not sustain appellant's contention that the insured had validly contracted with it that it should not be liable under said policy because of any disappearance of the insured, or because of any presumption of death resulting from such disappearance, but only in the event of "positive proof of death of said Millard Hall"; that such a contract has been held valid and binding under the laws of Ohio, the headquarters of appellant; and that under the full faith and credit provision of the Constitution Texas courts must follow the decisions of the courts of Ohio in this case. This rule would not apply in the instant case because the finding of the fact of death of Hall was not based upon a presumption arising from seven years' absence. And further because the statute itself (article 5541, R. S.) makes seven years' absence as prescribed therein proof of death; the contingency insured against. Appellant must do business in Texas, if at all, subject to its laws; and such provisions in a policy which contravene the laws of this state have uniformly been held to be void. W. O. W. v. Boden, supra; W. O. W. v. Piper, supra; W. O. W. v. Robinson, supra.

A further issue that appellees' pleadings alleging a $4,000 policy, and prayer for recovery thereon, would not sustain the recovery of $1,000 awarded, is raised by supplemental brief, citing National Aid Life Ass'n v. Bailey (Tex. Civ. App.) 54 S.W.(2d) 206. The facts in the instant case appear to be clearly distinguishable from those in the Bailey Case. In the latter it appears that two distinct policies were issued, suit being upon the second policy and recovery allowed on the first policy. Here only one policy was issued, and the amount of insurance thereunder alleged to have been subsequently increased. No effort, however, was made to prove such increase, and the suit was tried entirely as to the original policy. In view of another trial, however, we deem it unnecessary to discuss further the issue raised, as it can readily be removed by proper amendments of the pleadings.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded.

Reversed and remanded.