## WINTERS MUT. AID ASS'N v. KING.

### No. 8022.

Court of Civil Appeals of Texas. Austin.

Nov. 21, 1934.

Jno. E. Childers, of Abilene, for appellant.

Frank C. Dickey, of Ballinger, for appellee.

BAUGH, Justice.

Suit was by appellee as plaintiff against appellant association upon an accident insurance policy. Appellant operated as a local mutual aid association upon the mutual plan of assessment as needed against members to pay claims. Appellee's injury was a broken leg, for which the policy provided a maximum payment of $250. Appellant's defense was that appellee's policy had lapsed from nonpayment of assessments against him prior to the date of the injury. In reply appellee pleaded an established custom of appellant association of accepting payments of assessments subsequent to the last day of payment stated in the notices sent to members, knowledge of, and reliance upon, such custom by appellee. The last day for payment of the assessment made against appellee under the terms of his policy and of the notice received by him was February 5, 1933. The injury occurred on February 11, 1933, at which time appellee was admittedly delinquent.

The case was tried to a jury upon special issues, in response to which the jury found:

1. That the association had established a custom of waiving a strict compliance with the terms set out in the assessment calls as to the date of final payment stated in said calls.

2. That such custom was known to the appellee during the month of February, 1933.

3. That appellee relied upon such custom with the intention of paying the assessment against him before the benefits of his policy were forfeited.

4. That appellee had offered to pay to an agent of said association the amount of the assessment of his last call on February 6, 1933.

Based upon these findings, the trial court rendered judgment against appellant for $250; hence this appeal.

■ Appellant's first contention is that there was no evidence that it had adopted any such custom as that inquired about in special issue No. 1; and also that the answer of the jury thereto was contrary to the over-whelming preponderance of the evidence. This contention is not sustained. We do not deem it necessary to set out the evidence here. The testimony of three policyholders of acceptances by appellant from them of payment of assessments after the date named in notices to them, and of the secretary of appellant on cross-examination on that issue, were clearly sufficient, we think, to present a jury question on the issue of waiver of a strict compliance with the requirements stated in the notices.

■ The second contention relates to failure of the trial court to properly place the burden of proof in the charge to the jury. The charge of the court with reference to the four special issues submitted, so far as material here, was: "You will answer such questions, * * * in the order in which same are set out, * * * making your answers, as you may find to such question, from a preponderance of the evidence."

Objection in writing was duly made by appellant to such charge, on the ground, among others, that it did not properly place the burden of proof.

We think this contention must be sustained. It is not denied that appellee was delinquent at the time of his injury in the payment of the assessment made against him; nor that such delinquency defeated his right of recovery unless he affirmatively showed a waiver by the appellant of the payment thereof on or before February 6th; the 5th of February having fallen on Sunday. The burden of proof on the issue of waiver was clearly upon him, but was not so placed in the charge. Charges almost identical with that given in the instant case were presented where the burden, as here, rested upon the plaintiff to prove affirmatively the issues made, in the cases of Psimenos v. Huntley (Tex. Civ. App.) 47 S.W.(2d) 622, and St. Louis, B. & M. Ry. Co. v. Heard & Heard (Tex. Civ. App.) 66 S.W. (2d) 1092, in both of which cases the charge was held to constitute reversible error. The holding of the Commission of Appeals in H. & T. C. Ry. Co. v. Stevenson (Tex. Com. App.) 29 S.W.(2d) 995, would also appear to condemn such charge. Such a rule would appear particularly applicable here in view of the fact that the sufficiency of the evidence to sustain the answers of the jury is seriously questioned, and of the fact that the officers of appellant positively denied that any such custom prevailed.

■ Nor was it necessary for the appellant to prepare and offer a proper charge or be held to have waived such error. It was not

incumbent upon the defendant to assist the plaintiff in the proper presentation of his case. When the defendant, appellant here, properly called attention of the court to the erroneous charge, it then became the duty of the court to present a correct charge. Meinen v. Muesse (Tex. Civ. App.) 72 S.W.(2d) 931.

In view of another trial, the trial court's attention is called to the cases of Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263, and Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 214, for approved charges in such cases.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.