## BAILEY v. NATIONAL AID LIFE ASS'N.

### No. 2679.

Court of Civil Appeals of Texas. Beaumont.
Jan. 26, 1935.

Rehearing Denied Jan. 30, 1935.

See, also (Tex. Civ. App.) 54 S.W.(2d) 206.

E. B. Lewis, of Center, for appellant.

C. E. Avery and C. B. Wallace, both of Center, for appellee.

COMBS, Justice.

J. E. Bailey, deceased brother of appellant, P. B. Bailey, was at one time a member of the Shelby County Benefit Association of Center, Tex., and carried therein a policy of insurance in the face amount of $1,000. On September 4, 1929, a contract was concluded between said Shelby County Benefit Association and the appellee, National Aid Life Association, an Oklahoma corporation duly admitted to do business in Texas, by the terms of which contract the Shelby County Benefit Association was merged with the appellee association. By the terms of the agreement appellee agreed to admit to its membership all members in good standing of the Shelby County Benefit Association, with certain reservations not necessary to mention here, and to issue to them its own certificate of insurance in lieu of the certificate issued to such member by the Shelby County Association. Subsequent to the merger, appellee, upon application duly made to it by deceased, J. E. Bailey, issued to him its policy in the face amount of $1,000. Later, on another application, this was increased to $2,500 by issuance of a new policy in that amount. Appellant, P. B. Bailey, was named as beneficiary in the several policies. The insured, J. E. Bailey, died subsequent to the issuance of the policies, and appellee refused payment on the ground that in the applications to it for the insurance the deceased made untrue representations as to his age and also as to the condition of his health. This suit was instituted by appellant as plaintiff in the court below. The case has been tried twice. On the first trial judgment was awarded plaintiff, Bailey, for the face amount of the $1,000 policy but denied as to the excess of that amount evidenced by the $2,500 policy; the court holding, in effect, that while the second policy issued by the defendant association, that is, the one for $2,500, was not enforceable, the $1,000 policy issued by it was. On appeal by the defendant this court reversed and remanded the case on the ground that the pleading did not support the judgment for the reason that plaintiff had not sought judgment on the $1,-000 policy. See National Aid Life Ass'n v. Bailey (Tex. Civ. App.) 54 S.W.(2d) 206. On remand plaintiff sought recovery on the $1,-000 policy on the theory that it was issued to the deceased by appellee in lieu of the $1,000 policy which had been issued to him by the Shelby County Association, and that any representations which the deceased may have made to appellee in his applications were immaterial since, under its contract, it had agreed to accept to its membership the members of the Shelby County Association and to issue its policy to such members.

It was agreed by the parties upon the trial that the deceased was an insurable risk at the time he became a member of the Shelby County Association, but that for three years prior to his death, which covered the time the Shelby County Association was taken over by appellee and the times when his applications were made to appellee, he was not an insurable risk. It was also agreed that he was, at the time he made his application to appellee on January 30, 1930, fifty-nine years of age instead of fifty-four, as stated in his application. On the trial appellee showed by pleading and proof that under its by-laws and under the laws of Oklahoma, under which it was incorporated, the age limit of its members was fifty-five years; also that warranties with respect to the applicant's health were material and that misrepresentation with regard thereto was a ground of avoidance.

Upon the verdict of the jury on special issues the trial court entered judgment denying appellant any recovery except $37.80, the amount of premiums paid by J. E. Bailey to appellee during his lifetime, which had been tendered in court.

■■ The controlling question is that under the finding of the jury J. E. Bailey was not a member in good standing of the Shelby

County Benefit Association on September 4, 1929, the date on which it was taken over by appellee under the contract above referred to. This was a controverted issue of fact which was resolved by the jury against the appellant, and it is not challenged by any assignment. Under that finding appellee owed the deceased no duty by virtue of his having formerly held a membership in the Shelby County Benefit Association. Therefore, his application to appellee was to all intents and purposes an application for new membership in the appellee association. The representations in the application concerning his age and health were obviously quite material, and under the agreement of the parties they were incorrect and the applicant was not in fact an insurable risk. The jury found in response to an issue submitted that appellee issued its $1,000 policy to the deceased in reliance upon the truth of the statements contained in the application. This finding is also unassailed by any assignment. Therefore, we conclude that the judgment of the trial court denying the recovery was proper.

We have carefully considered appellant's assignment complaining of misconduct of the jury and are of the opinion that the assignment is without merit. On the record before us it was at most a controverted fact as to whether the alleged misconduct occurred. The trial court, in overruling the motion for new trial, determined such fact issue against the appellant. Such fact finding is binding upon this court. See W. C. Wells et al. v. Mrs. J. E. Henderson et al. (Tex. Civ. App.) 78 S.W.(2d) 683, decided by this court, not yet reported, and the cases cited therein.

Finding no error, the judgment of the trial court is in all things affirmed.