## BAKER v. CAMPBELL.

### No. 2728.

Court of Civil Appeals of Texas. Beaumont. April 18, 1935.

Rehearing Denied April 24, 1935.

White & Baker, of Port Arthur, for appellant.

B. C. Johnson, of Houston, and R. H. Jernigan, of Port Arthur, for appellee.

COMBS, Justice.

On December 24, 1932, appellant, who is an automobile dealer in Port Arthur, sold appellee a Dodge sedan automobile for $875, plus interest on deferred payment, insurance, etc., aggregating $999. Appellee gave notes secured by a mortgage on the automobile for part of the purchase price. Appellee being in default, appellant, as plaintiff, filed this suit for $481, balance due, and for foreclosure of the mortgage. He also sequestered the automobile, and, appellee failing to replevy, appellant replevied it. Appellee answered the suit admitting execution of the notes and mortgage sued upon, and that the notes were unpaid. By way of cross-action he alleged that appellant misrepresented the automobile to him at the time of the purchase, in that he represented that said car, which had been used as a demonstrator, was a 1933 model, whereas it was a 1932 model. He also alleged that the appellant wrongfully and without probable cause sued out the sequestration. The case was tried to a jury upon special issues, in response to which the jury found that appellant did misrepresent the automobile; that appellee relied upon such misrepresentations to his damage; that the sequestration was wrongfully issued upon allegations falsely and fraudulently made; and fixing damages actual and exemplary. From the judgment entered against appellant on the findings of the jury, this appeal has been prosecuted.

Appellant's assignment that the trial court committed reversible error in failing to place the burden of proof upon the appellee with respect to the issues submitted must be sustained.

The court, in the fore part of the charge, instructed the jury to answer the issues from the preponderance of the evidence, and defined the term. The issues were not so framed as to place the burden of proof upon either party. All of the issues submitted related to appellee's cross-action, and the burden was upon him as to each issue. The evidence as to several of the issues was strongly contro-

verted, and the trial court should have so framed the issues as to place the burden of proof upon the appellee. Appellant duly excepted to the court's charge for the failure to do so. For the error discussed, the judgment of the trial court must be reversed, and the cause remanded. Psimenos v. Huntley (Tex. Civ. App.) 47 S.W.(2d) 622; St. Louis, B. & M. Ry. Co. v. Heard & Heard (Tex. Civ. App.) 66 S.W.(2d) 1092; International Shoe Co. v. Hachar (Tex. Civ. App.) 60 S.W.(2d) 810.

Reversed and remanded.