## GULF REFINING CO. et al. v. JACKSON.

### No. 1841.

Court of Civil Appeals of Texas. Waco.

Dec. 10, 1936.

David W. Stephens and P. O. Settle, both of Fort Worth, and John E. Green, Jr., of Houston, for appellants.

B. Jay Jackson, of Glen Rose, for appellee.

ALEXANDER, Justice.

R. E. Jackson brought this suit against the Gulf Refining Company and alleged in substance that he, as the operator of a filling station, bought gasoline from the defendant for sale to the public and rented defendant's equipment for measuring and dispensing gasoline; that the cans used in measuring the gasoline out to him were not as large as they were represented to be, and that as a result he did not get as much gasoline as he paid for; and that the equipment rented to him did not correctly measure the gasoline sold by him, and that he suffered a loss as a result thereof. He sued for his damages. The verdict of the jury and judgment of the court was favorable to plaintiff. Defendant appealed.

Appellant objected to the charge because it did not correctly place the burden of proof on plaintiff. Said charge was in part as follows: "Gentlemen of the jury in this cause you will answer the following special issues by a preponderance of the evidence: Issue No. 1—Did R. E. Jackson, receive from the defendant the amount of gasoline that he was charged with? Answer yes or no." Each of the other issues was submitted in the same form and there was no other attempt to allocate the burden of proof. Charges similar to the above have been condemned in many cases because of the failure to properly instruct the jury on the burden of proof. Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S. W.(2d) 658; Munves v. Buckley (Tex.Civ. App.) 70 S.W.(2d) 605; Psimenos v. Huntley (Tex.Civ.App.) 47 S.W.(2d) 622; Winters Mutual Aid Association v. King (Tex. Civ.App.) 77 S.W.(2d) 284; St. Louis B. & M. Ry. Co. v. Heard & Heard (Tex.Civ. App.) 66 S.W.(2d) 1092; Chicago, R. I. & P. Ry. Co. v. Vinson (Tex.Civ.App.) 61 S.W.(2d) 532; Baker v. Campbell (Tex. Civ.App.) 81 S.W.(2d) 728; Brotherhood of Locomotive Firemen and Enginemen v. Hall (Tex.Civ.App.) 64 S.W.(2d) 1044.

On account of the above error, the judgment of the trial court must be reversed. Upon another trial, the court should instruct the jury on the measure of damages to be applied. Dees v. Thomason (Tex. Civ.App.) 71 S.W.(2d) 591, par. 1, and the authorities there cited.

The judgment of the trial court is reversed and the cause is remanded for a new trial.