OTTO RAMIN v. YOUPHROSENE COSIO ET AL.

No. 6991. Decided February 23, 1938.
Rehearing overruled April 27, 1938.
(113 S. W., 2d Series, 524.)

*King, Wood & Morrow* and *H. E. Cox,* all of Houston, for plaintiff in error.

The question of fact raised by the evidence having been submitted to the jury on special issues which did not in themselves place the burden of proof on each issue where it belonged, the instruction of the court that the jury should make their answers to such issues as "you may find and believe the facts to be from a preponderance of the evidence" did not afford any instruction to the jury as to where the burden of proof lay upon such issues, and the defendant was deprived of a valuable right to have the jury instructed as to where the burden of proof lay upon the issues submitted. Texas Emp. Ins. Assn. v. Lemons, 125 Texas 373, 83 S. W. (2d) 658; Gulf States Utilities Co. v. Moore, 129 Texas 604, 106 S. W. (2d) 256; Greer v. Thanan, 55 S. W. (2d) 519.

*Edgar Soule* and *Lewis Fisher,* both of Houston, for defendants in error.

A charge on the burden of proof is not necessary or proper in every case. The propriety of such charge depends on the state of the evidence. St. Louis S. W. Ry. Co. v. Preston, 228 S. W. 928; West Texas Coaches v. Madi, 15 S. W. (2d) 170.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

A judgment for damages growing out of an automobile collision was entered by the trial court in favor of defendants in error against plaintiff in error. This judgment was affirmed by the Court of Civil Appeals. Ramin v. Cosio et al., 85 S. W. (2d) 802.

The facts are fully stated in the opinion of that court. Only those necessary to a proper understanding of the question discussed will be mentioned by us.

Issues of negligence and of contributory negligence were submitted, and prefaced with the following as the only charge on the burden of proof:

"This case will be submitted to you upon special issues, the answers to which you will make as you may find and believe the facts to be from a preponderance of the evidence, by which is meant the greater weight of the credible testimony."

The following is typical of the issues submitted:

"Do you find that at and immediately before the collision

Odean Ramin was operating the Ford car at an excessive and dangerous rate of speed?"

Charges in substantially the same language as the quoted prefatory charge have been frequently condemned. It failed to indicate within itself any burden of proof, and might have been understood by the jury as requiring a "no" as well as "yes" answer from a preponderance of the evidence in the quoted special issue, and others similarly phrased.

The question has been fully considered by Judge CRITZ in Texas Employers' Ins. Assn. v. Lemons, 125 Texas 373, 83 S. W. (2d) 658, and will not be further discussed. Other similar holdings are:

Baker v. Campbell, 81 S. W. (2d) 728; Munves v. Buckley, 70 S. W. (2d) 605; Harrison-Wright Co. v. Budd, 67 S. W. (2d) 670; Brotherhood of L. F. & E. v. Hall, 64 S. W. (2d) 1044; Chicago, R. I. & G. Ry. Co. v. Vinson, 61 S. W. (2d) 532; International Shoe Co. v. Hachar, 60 S. W. (2d) 810; Eagle Star & British Dominions Ins. Co. v. Head, 47 S. W. (2d) 625, 122 Texas 147, 53 S. W. (2d) 768; Psimenos v. Huntley, 47 S. W. (2d) 622; Houston & T. C. Ry. Co. v. Stevenson, 29 S. W. (2d) 995; Boswell v. Pannell, 180 S. W. 593.

While the evidence supporting the present judgment was overwhelming, we are not able to demonstrate, and therefore decline to hold, that the above error was harmless.

The issues of "new and independent cause," of "unavoidable accident" and that of "the negligence of another as the sole proximate cause," are not raised in this case. This sufficiently appears from the facts mentioned by the Court of Civil Appeals.

We will assume that technical errors pointed out in exceptions to the charge will be eliminated on another trial.

Judgments of the trial court and Court of Civil Appeals reversed and cause remanded.

Opinion adopted by the Supreme Court February 23, 1938.

Rehearing overruled April 27, 1938.