Tony and Carlos **LUPARELLO**, d/b/a **Hires Bottling Company**, Appellants,

v.

W. M. **LOTT**, Appellee.

No. 6095.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 17, 1957.

Rehearing Denied Feb. 13, 1957.

Strong, Moore, Pipkin, Strong & Nelson, Beaumont, for appellants.

Stephenson & Stephenson, Orange, for appellee.

ANDERSON, Justice.

Appellee, W. M. Lott, sued appellants to recover damages for personal injuries he allegedly sustained as the result of drinking part of a Hires Root Beer that was allegedly unfit for human consumption and that appellants had bottled, sold and delivered to appellee's immediate vendor for resale to the general public. The case was submitted to a jury on special issues, and on the jury's verdict judgment was rendered in favor of the plaintiff and against the defendants for two thousand dollars. Only the court's charge to the jury is complained of on appeal.

The charge commenced in this manner: "This cause is submitted to you upon the following issues which you will answer from a preponderance of all the evidence in the case:" The defendants objected on the ground that the instruction "is an incorrect statement of the law, in that it requires the jury to find a negative answer from a preponderance of the evidence." The overruling of this objection is complained of in appellants' sixth and last point

of error. Virtually the same type of charge was condemned in Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658, but in that case the special issues were not so framed as to indicate on whom the burden of proof rested. And in other cases which may appear to hold that a charge of the kind here involved is reversible error, it will be found either that the issues were not so framed as properly to place the burden of proof or that the import in this respect of the issues themselves was nullified or at least beclouded by some other accompanying instruction. See, for example, Fidelity & Casualty Co. of New York v. Van Arsdale, Tex.Civ.App., 108 S.W.2d 550; Ramin v. Cosio, Tex.Com. App., 131 Tex. 362, 113 S.W.2d 524; Federal Underwriters Exchange v. Rigsby, Tex.Civ.App., 114 S.W.2d 354. In the case at bar, however, each issue was so framed as properly to place the burden of proof and this effect was not marred by other instruction unless by the instruction in question. An affirmative answer to an issue was in order only if warranted by a preponderance of the evidence and a negative answer would have followed as a matter of course if an affirmative answer had not been given. See Traders & General Ins. Co. v. Jenkins, Tex.Com.App., 135 Tex. 232, 141 S.W.2d 312. All issues were answered in the affirmative. We think that in the circumstances no error resulted but if the instruction was error it was harmless. Point six is accordingly overruled.

■ Special Issue No. 1 was as follows: "Do you find from a preponderance of the evidence that the Hires root beer consumed by the plaintiff, W. M. Lott, on the occasion in question was contaminated?" Appellants contend that in merely asking whether the root beer was contaminated, and in failing to ask whether it was contaminated to a degree that rendered it unfit for human consumption, the charge failed to submit the ultimate issue involved. We think that in this instance the matter does not present reversible error. The degree of contamination, in the sense of whether the chemical agencies present in the beverage rendered the beverage dangerous to life or health, was not, strictly speaking, in issue. The real matter in issue was that of whether the beverage did or did not contain the foreign agency or agencies plaintiff claimed it did. The evidence was to the effect that a small snake had been bottled in with the root beer. And if the snake was present, the evidence tended to show that the root beer may also have contained caustic soda, this upon the theory that in reasonable probability the snake had absorbed caustic soda from the solution in which the bottle was washed before the root beer was inserted and that after insertion the root beer acquired some of the soda from the snake. A doctor's testimony to the effect that, irrespective of whether the beverage contained caustic soda, and of whether the snake chemically altered the beverage, discovery by a person of ordinary temperament that a beverage from which he was drinking contained a snake was a matter reasonably calculated to cause such person to experience an untoward physical and mental reaction was undisputed. These things considered, we feel that the issue as framed was intended as an inquiry as to whether the snake was in the root beer and that this is the construction the jury placed upon it. Point one is therefore overruled, but we suggest that the form of the issue is not commendable.

■ The damage issue and the instructions given in connection with it were objected to: (1) On the ground that together they were calculated to result in a double assessment of damages for such physical and mental pain as plaintiff suffered or might suffer. (2) Because they did not affirmatively exclude medical expense as an item of damage to be considered by the jury. (3) On the ground that the issue, itself, failed to limit the injuries to be considered to those "proximately caused by the

drinking of the Hires Root Beer." (4) On the ground that the instructions failed to limit the jury to a consideration of only the pain and suffering that a "preponderance of the evidence" showed plaintiff had undergone or might undergo. The special issue and instructions were these:

"What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff for the injuries, if any, he received, as a result of drinking the Hires root beer in question?

"In estimating such damages, if any, if you find that the plaintiff suffered mental and physical pain, proximately resulting from the occurrence complained of by the plaintiff, you may take that into consideration and allow such sum which, if paid now in cash, you find will reasonably compensate him for such mental and physical pain, if any, which you find he has suffered in the past, proximately resulting from the occurrence complained of; and if you find that the plaintiff will (in all reasonable probability) suffer mental and physical pain in the future proximately resulting from the occurrence complained of by the plaintiff, you may take that into consideration and allow such sum which you find, if paid in cash now, would reasonably compensate him for such mental and physical pain, if any, as you find he will (in all reasonable probability) suffer in the future, proximately resulting from the occurrence complained of."

As against the objection that together they were calculated to result in a double assessment of damages for physical and mental pain, the special issue and the instructions were approved in McMath Co. v. Staten, Tex.Civ.App., 60 S.W.2d 290, 294–295. On the strength of that decision, appellants' point 2 is overruled.

■ The evidence showed that plaintiff consulted and was examined and treated by a doctor upon more than one occasion after drinking the root beer, but plaintiff did not plead for recovery of any expense incurred in this respect and offered no evidence tending to show that he had incurred any such expense. In these circumstances, and since the charge did not itself specifically touch upon any thing that might indicate that an allowance for medical expense was authorized, we think no error resulted from the failure to affirmatively exclude medical expense as an item of damage to be considered by the jury. Point 3 is accordingly overruled.

■ The special issue, itself, as will be noted, called for a finding from a preponderance of the evidence but made no mention of proximate cause or of "proximate" result, while the instructions included the element of proximate cause but made no mention of preponderance of the evidence. The objections listed above as three and four resulted. They must be weighed in the light of both the evidence and the charge as a whole, and we have concluded that, when thus weighed, they do not present reversible error. Bearing upon the omission from the instructions of any reference to a preponderance of the evidence are the following facts: (1) There was no evidence to show that plaintiff had sustained or was calculated to sustain any damages other than those resulting from physical pain and mental anguish. (2) In response to a separate issue, special issue No. 2, the jury found "from a preponderance of the evidence" that plaintiff "suffered physical pain and mental anguish as a result" of drinking the root beer. (3) The damage issue was to be answered "from a preponderance of the evidence." (4) By the general charge first above discussed, the jury was told that all of the issues were to be answered "from a preponderance of all of the evidence." Bearing upon the failure of the special issue, itself, to inquire as to only such injuries, if any, as plaintiff had sustained or would sustain as a "proximate" result of drinking the root beer are the following facts: (1) There was, as already stated, no evidence to show that plaintiff had sustained or

would sustain any damages other than those resulting from physical pain and mental anguish. (2) The instructions themselves made it amply clear that only physical pain and mental anguish "proximately" resulting from the drinking of the root beer were to be considered. These things considered, we think it improbable that an improper judgment resulted from the matters complained of. Points 4 and 5 are therefore overruled. We again suggest, however, that in the respects under consideration the charge should not be adopted as a model.

No reversible error having been presented, the judgment of the trial court is affirmed.